## FLEMMING v. RICHARDSON & SMITH.

*A notary is not required to have a particular style of seal to give authenticity to his copies.*

APPEAL from the District Court of Claiborne, *Egan*, J.
*Vaughan & Vaughan*, for plaintiff and appellant. *J. M. Thompson*, for defendant.

SPOFFORD, J. The plaintiff has appealed from a judgment rendered against him in a redhibitory action.

Upon the trial in the court below, he offered in evidence a copy of the notarial act of sale by which he acquired the title to the slave in question from the defendant, *Richardson*. The District Judge rejected the copy, although it was authenticated by the official signature of the notary, upon the ground that there was no seal of office upon the copy, but only a private scrawl in place of a seal.

The copy should have been received. The notary certified that it was a true copy of the original act on file in his book of notarial records, and so certified " under his hand and seal of office." It is not shown that he had any other seal of office than a scrawl. We have been referred to no law requiring him to have a particular style of seal to give authenticity to his copies, and we have not been able to find such a law.

The unsoundness of the slave both before and after the date of the sale, is amply proven. Besides, the defendant *Richardson's* answer, admits the unsoundness, but avers that the same was declared to the vendee at the time of the sale, and that it was the defendant's intention to name in the act of sale the redhibitory defect, but that, for the want of experience and by oversight, he failed to have that clause put in, and that he gave the bill of sale in error.

In the act of sale, the vendor, *Richardson*, expressly guarantied the slave in question, against " all the vices and maladies prescribed by law."

After the proof made by the plaintiff, it became incumbent upon the defendant, *Richardson*, to establish the averment of his answer, that before or at the time of the sale, he declared to the buyer the latent defects which are proved and admitted to have existed in the slave.

There is no proof whatever of such a declaration; on the contrary, there is some evidence which goes to negative the averment.

Nor can we infer, with the District Judge, from the circumstantial evidence, that the defendant was already aware of the nature and extent of the redhibitory defects, and purchased at his own risk. It requires something more than vague inferences to rebut the express warranty contained in the authentic act of sale.

We find no reason to suppose that the slave has suffered in the defendant's hands from ill treatment or neglect.

As to the defendant, *Smith*, we concur with the District Judge that there are not sufficient averments in the plaintiff's petition, to make out a case of liability.

It is, therefore, ordered and decreed, that the judgment of the District Court, as to the defendant, *Smith*, be affirmed; it is further ordered and decreed, that the judgment, as to the defendant, *Richardson*, be avoided and reversed; and it is now ordered, adjudged and decreed, that the sale of the slave *Elizabeth* from the defend-

ant, *Andrew P. Richardson*, to the plaintiff, *Edward B. Flemming*, passed before Simeon M. Hart, a Notary Public in and for the parish of Natchitoches, on the 11th February, 1857, be avoided for the redhibitory defects with which the said slave was affected at the date of the said sale; that the said defendant recover the said slave, and that the plaintiff recover of defendant, *Richardson*, the price thereof, to wit, the sum of six hundred dollars, with legal interest thereon, from the judicial demand, and the costs of this suit in both courts.