354 So.2d 1077 (1978)
STATE of Louisiana, Plaintiff-Appellee,
v.
Hollis F. WILSON, Defendant-Appellant.
No. 13423.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1978.
*1078 Patrick H. Wright, Jr., Monroe, for defendant-appellant.
State of Louisiana by John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
Before BOLIN, MARVIN and JONES, JJ.
MARVIN, Judge.
Defendant appeals from his being adjudged an habitual offender under the Motor Vehicle Habitual Offender Law (R.S. 32:1471-1481). We affirm.
Proceedings under this law are civil. State v. Williams, 332 So.2d 432 (La. 1976); State v. Love, 312 So.2d 675 (La. App. 2d Cir. 1975). This law authorizes its own procedure, summary in nature, under § 1475, which reads in part:
"Upon the filing of the petition, the criminal district court shall enter an order incorporating by attachment the aforesaid abstract and directed to the person named therein to appear in court within ten days and show cause why he should not be barred from operating a motor vehicle on the highways of this state. A copy of the petition, the show cause order and the abstract shall be served upon the person named therein in the manner prescribed by law for the service of process . . ."
The record shows domiciliary service on defendant and his presence in court with an attorney when the proceedings were conducted. C.C.P. Art. 2593 required no answer of defendant but his personal appearance constitutes a general appearance under C.C.P. Arts. 7, 925.
The law contemplates that the State shall furnish an abstract of the conviction record of the defendant to the district attorney who is required to file the petition under the law. § 1473. The abstract "shall be competent evidence that the person named therein was duly convicted." The abstract is attached and served with the petition and order on the defendant as above stated. § 1475. It is axiomatic that a defendant can be adjudged an habitual offender by default where service is made and the abstract presented and defendant has not appeared. Defendant complains here that the State did nothing more than introduce the abstract of the conviction record.
The law was enacted to provide an expedient procedure at minimum expense and trouble whereby the State would deter habitual offenders from using its highways. § 1471. Where the defendant who is served with the petition contends that, although of the same name as the person contained in the abstract, he is not the same person who was convicted of any offense shown in the abstract, section 1476 provides alternative methods for the court to determine the issue.[1] These methods certainly should not be held exclusive and we hold this section applies to the situation where the defendant contends he is not the same person named in the abstract. In the absence of such a showing or contention by the defendant, the court is empowered to find a person of the same name as in the abstract, who is served as the law requires, to be an *1079 habitual offender as was done here. Due process, however minimal, was met. We note that the last address of the person shown in the abstract (Warren Drive, West Monroe) was the same address at which defendant was served by domiciliary service.
Defendant's other complaints (1) that the certification of the abstract by the deputy custodian of records of the particular agency was without a seal and (2) that the district judge who conducted the proceedings had been assigned to the criminal division of the district court, are also found without merit. The fact that there was no seal impressed upon an instrument by a notary did not affect the validity or admissibility of a notarial act. Fleming v. Richardson & Smith, 13 La.Ann. 414 (1858). Outside Orleans, district judges are empowered to conduct alternatively civil as well as criminal proceedings. State v. Skyeagle, 345 So.2d 189 (La.App. 3rd Cir. 1977).
At appellant's cost, judgment is
AFFIRMED.
NOTES
[1] "The matter shall be heard by the court without a jury. If such person denies that he was convicted of any offense shown in the abstract and necessary for a holding that he is an habitual offender, and if the court cannot, on the evidence available to it, determine the issue, the court may require of the department of public safety certified copies of such records respecting the matter as it may have in its possession. If, upon an examination of such records, the court is still unable to make such determination it shall certify the decision of such issue to the court in which such conviction was reportedly made. The court to which such certification is made shall forthwith conduct a hearing to determine such issue and send a certified copy of its final order determining such issue to the court in which the petition was filed. The court in its discretion, may rely on certified copies of convictions adjudged by courts outside of this state, or federal courts, or may request such a court to make a determination."