DOMENGEAUX, Judge.
The State of Louisiana filed a rule to show cause in order to have the defendant-appellee, Johnnie R. Hill, declared an habitual offender under the provisions of La.R.S. 32:1471 et seq. The trial court granted the defendant’s motion for a directed verdict and the state brings this appeal. We affirm.
The facts reveal that on February 26, 1979, the State of Louisiana, through the District Attorney’s office for the Fourteenth Judicial District, Parish of Calcasieu, filed a petition to have Johnnie R. Hill declared an habitual offender as defined by La.R.S. 32:1472.
At the hearing, the State declared that it was ready to proceed with the trial. Counsel for defendant waived the presence of the defendant at the hearing. When the State sought to call the defendant to testify they became aware that the defendant was not present in court. The State moved for a continuance on the basis that the testimony of the defendant was crucial to their case. Defense counsel timely objected to the continuance and the motion was withdrawn by the State.
The State then asked for the issuance of an instanter subpoena for the defendant. A Deputy Sheriff attempted to serve the subpoena on the defendant at the defendant’s home but was informed that the defendant was not home.
The State then attempted to dismiss its petition, but was advised by the court that the dismissal would .be with prejudice.
The State then offered, into evidence, a certified copy of what purported to be the defendant’s driving record, and rested its case.
The defendant then moved for a directed verdict. The trial court held that the State failed to satisfy its burden of proof. In granting the defendant’s motion the trial judge stated:
*69 “At this time, the Court will grant the defendant’s motion for directed verdict. I don’t think there has been a showing . not a scintilla of evidence in the record that the defendant named in this rule and the defendant at the bar is one and the same person as the person shown on the certified copy of the abstract of the driving record that has been received in evidence. This is a civil proceeding which requires proof merely by a preponderance of the evidence; but, I find no evidence whatsoever that the person who is the defendant in this proceeding is the same person who is named and shown in the certified copy of the abstract of the driving record.”
The State argues on appeal that the trial court erred in its finding of a lack of proof of identity sufficient to adjudicate the defendant an habitual offender. Relying on State v. Wilson, 354 So.2d 1077 (La.App. 2nd Cir. 1978), the State urges that in the absence of a showing by the defendant charged with being an habitual offender, under the motor vehicle law, that he is not the same person named in the abstract of a conviction record, the court is empowered to find the person of the same name as in the abstract to be the habitual offender.,
While the State’s interpretation of State v. Wilson, supra, may be proper in some circumstances, the facts of our present case are clearly distinguishable. In that case, our Supreme Court found that due process was met when the trial court adjudicated as an habitual offender, a person of the same address as the last address of the person shown in the abstract of convictions.
In our case, the address where the defendant, Johnnie R. Hill, was served did not match the addresses shown on the abstract of convictions. One Johnnie R. Hill was apparently convicted of operating a vehicle while his driver’s license was under suspension on January 18, 1976. This Johnnie R. Hill resided at 1406 Acadian Drive, Apartment 10, in Houma, Louisiana. The next ticket in chronological order was issued on February 10, 1976, to one Johnnie R. Hill who resided at Route 1, Box 1013A, Lake Charles, Louisiana, for driving while his driving privileges were suspended. These two tickets were issued less than one month apart, yet the addresses of the person receiving the ticket are different. The third ticket was issued on November 9, 1978, to Johnnie R. Hill who resided at Route 1, Box 1013A, Lake Charles, Louisiana, for driving while intoxicated. The instanter subpoena was issued to Johnnie R. Hill who resided at 409 Mackey Street, Lake Charles, Louisiana. This was the third address presented to the court for a person named Johnnie R. Hill.
Proceedings under the habitual offender statutes are civil rather than criminal. State v. Williams, 332 So.2d 432 (La.1976). In all civil matters, the burden of proof is upon the plaintiff to prove his case by a preponderance of the evidence. Meyer v. State of Louisiana, 312 So.2d 289 (La.1975); Thibodeaux v. St. Joseph Hospital, 276 So.2d 703 (La.App. 1st Cir. 1973).
By the use of a subpoena, the appellant could have insured that the defendant was the same person as the one shown in the abstract. The State failed to do so and accordingly was unable to bear its burden of proof. We agree with the trial judge that the evidence was insufficient to prove that the defendant in the trial proceedings is the same person named and shown in the certified copy of the abstract of the driving record.
The State sought a new trial which was denied by the district court. In that regard, the trial judge stated:
.In effect, the State is asking for a second opportunity to prove its case. The Court does not believe that the State has shown the existence of either of the peremptory grounds under Article 1972 of the Louisiana Code of Civil Procedure for the granting of a new trial nor has the State shown a good ground for granting a new trial in the discretion of the Court under Article 1973 of the Louisiana Code of Civil Procedure. Accordingly, the motion for a new trial will be denied.
*70 We find no error in the denial of a new trial.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal, not excluded by law, are taxed to the plaintiff-appellant.

AFFIRMED.

CULPEPPER, J., dissents and assigns written reasons.