CULPEPPER, Judge,
dissenting.
I dissent from the majority opinion for several reasons. First, I agree with State v. Wilson, 354 So.2d 1077 (2d Cir. 1978), construing the Motor Vehicle Habitual Offender Law, R.S. 32:1471-1481. The Court of Appeal, Second Circuit held:
“The law was enacted to provide an expedient procedure at minimum expense and trouble whereby the State would deter habitual offenders from using its highways. Section 1471. Where the defendant who is served with the petition contends that, although of the same name as the person contained in the abstract, he is not the same person who was convicted of any offense shown in the abstract, section 1476 provides alternative methods for the court to determine the issue.1 These methods certainly should not be held exclusive and we hold this section applies to the situation where the defendant contends he is not the same person named in the abstract. In the absence of such a showing or contention by the defendant, the court is empowered to find a person of the same name as in the abstract, who is served as the law requires, to be an habitual offender as was done here. Due process, however minimal, was met. We note that the last address of the person shown in the abstract (Warren Drive, West Monroe) was the same address at which defendant was served by domiciliary service.” (Footnote omitted)
The majority distinguishes State v. Wilson on the basis that there the last address of the person shown in the abstract was the same address at which defendant was served in the habitual offender proceedings, whereas in the present case the addresses shown in the abstract are different from that at which the defendant Hill was served. I think it is apparent from a reading of the above quoted portion of the opinion in State v. Wilson, that the notation that the addresses were the same is not an essential part of the decision. The holding of the court is that where the defendant is properly served and appears on the day of the hearing and an abstract of the prior convictions, as provided by R.S. 32:1473, is filed by the State, the burden is on the defendant to contend and prove that he is not the same person named in the abstract. This appears to be the clear meaning of the provision of R.S. 32:1473 which states: “Such abstract shall be competent evidence that the person named therein was duly convicted by the court wherein such conviction or holding was made by each offense shown by such abstract.”
I am aware of jurisprudence holding that under the Habitual Offender Law (for felony convictions), R.S. 15:529.1, et seq., the State has the burden of proving the identity of the .accused when he denies the allegations of the information or refuses to answer or remains silent. State v. Curtis, 338 So.2d 662 (La.1976). However, that jurisprudence construes a statute which applies to criminal proceedings and contains different provisions from those of the statute involved here. I find no case from our Supreme Court or our Courts of Appeal in conflict with the holding by the Court of Appeal, Second Circuit in State v. Wilson, supra.
Furthermore, even assuming that the abstract did not establish a prima facie case that the defendant was the same person as the one previously convicted, the circumstances of this case show that the defendant waived additional proof of identity. As the majority opinion states, at the beginning of *71 the hearing, counsel for defendant waived the presence of his client. When the State sought to call the defendant under cross-examination, the district attorney became aware for the first time that defendant was not in the courtroom. The State moved for a continuance, which was denied. Then the State asked for an instanter subpoena for the defendant, which was granted. The deputy sheriff who attempted to serve the subpoena testified, at the hearing on application for a rehearing, that when he tried to serve defendant at his home, defendant’s wife told the deputy that defendant’s attorney had advised defendant to leáve the courtroom before the hearing and to go to another building. It is obvious that these circumstances show a deliberate scheme to thwart the proceedings. The court should not allow such a scheme to accomplish a miscarriage of justice in a civil proceedings.
In the ease of State v. Skyeagle, 345 So.2d 189 (3rd Cir. 1977), writs refused by our Supreme Court, the defendant appealed contending the State had not sufficiently identified him as being the same person as in the prior conviction. We noted the record showed that during the proceedings a stipulation was entered for defendant’s benefit that in the two prior convictions he was not represented by counsel. Under the circumstances, we held the stipulation amounted to an admission that the defendant was the same person as named in the prior convictions. The same rationale is applicable here.
Finally, I think the trial judge erred in not granting to the State either a continuance or a new trial. Under the circumstances set out above, which show a deliberate scheme to deceive the district attorney and the court, I think the trial judge abused his discretion in allowing such a deception to succeed.
For the reasons assigned, I respectfully dissent.