SEXTON, Judge.
The defendant, Doyne C. Bolden, pursued this appeal subsequent to having been adjudged a habitual traffic offender in a hearing held September 20, 1982. The defendant had accumulated ten speeding tickets and, by virtue of the authority of LSA-R.S. 32:1472, was directed not to operate a motor vehicle on the highways of this state for a period of five years. We reverse.
The defendant, having received ten traffic convictions, was charged by petition filed on July 22, 1982 in the District Court with being a habitual traffic offender. Act 555 of 1982 became effective on September 10, 1982, transferring original jurisdiction of habitual traffic offender adjudications from District Court to the Department of Public Safety. The defendant was found to be a habitual traffic offender on September 20, 1982, by the District Court.
In the initial assignment of error, in which we find merit, appellant asserts that as a result of Act 555 of 1982, the District Court was without jurisdiction to adjudge him a habitual traffic offender.[1]
Act 555 of 1982 did indeed change the procedure for adjudication of a Louisiana motorist as a habitual offender. The Act states that a person accused of being a habitual vehicular offender shall have a hearing before an adjudication officer of the Department of Public Safety. LSA-R.S. 32:1476.[2] If that person is found to be *907 the same person who is accused of being a habitual offender and is also found to actually be a habitual offender, he shall lose his privilege of operating a motor vehicle on the highways of this state. LSA-R.S. 32:1477.[3] Appeals are to the district court of the parish in which the person resides. LSA-R.S. 32:1478.[4] Thus, appellant is correct that Act 555 of 1982 divested the district courts of this state of jurisdiction to initially determine whether a person is a habitual traffic offender.
The issue for our resolution is whether this appellant — who was accused by petition filed prior to the effective date of the new act — should have been proceeded against in the district court under the procedure in effect at the time of the filing of the petition, or under the procedure in effect at the time of the trial which he was adjudged a habitual traffic offender.
While LSA-C.C. Art. 8 provides that laws can only prescribe for the future, our Supreme Court has consistently held that the rule of prospective application applies only to substantive laws. Procedural or remedial legislation is to be given retroactive effect unless the language in the legislation shows a contrary intent. Lott v. Haley, 370 So.2d 521 (La.1979); Ardoin v. Hartford Ace. and Indem. Co., 360 So.2d 1331 (La.1978); Bostick v. Intern. Minerals and Chemical Corp., 360 So.2d 898 (La. App.2d Cir.1978).
In Lott, a change in the prescriptive period with respect to medical malpractice actions was held to be substantive and prospective. In Ardoin, a statute establishing a burden of proof in malpractice actions was determined to be procedural and thus retroactive. Bostick held that the statute eliminating the cause of action against executive officers was substantive and prospective. In Shreveport Longleaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940), the statute changing the method of maintaining the viability of a material-man’s lien was held remedial and retroactive. Brown v. Indemnity Insurance Co. of North America, 108 So.2d 812 (La.App.2d Cir.1959), found a statute providing an additional venue for workmen’s compensation cases to be procedural and retroactive. Manuel v. Carolina Casualty Ins. Co., 136 So.2d 275 (La.App.3d Cir.1961), found a statute granting a cause of action to major children for the wrongful death of a parent to be substantive and prospective.
Our comparison of the Act in question, Act 555 of 1982, with the jurisprudence just noted, causes us to believe that this statute is indeed procedural and remedial, and thus entitled to retroactive application. We reach this conclusion because Act 555 of 1982 does not create, confer or destroy rights, but, rather, establishes a method or procedure for determining status. Substantive acts are generally defined as those which create, confer, define or destroy rights, liabilities, causes of action, or legal duties. Procedural acts, on the other hand, describe methods for enforcing, processing, administering or determining rights, liabilities, or status. See, Shreveport Longleaf Lumber Co., supra; Bostick, supra; Manuel, supra; and Brown, supra.
We note parenthetically that proceedings to have an individual declared a habitual traffic offender have characteristics of both civil and criminal proceedings. If one is adjudged a habitual traffic offender and *908 subsequently operates a motor vehicle, he is subject to criminal sanctions. LSA-R.S. 32:1480. However, in this jurisdiction, such proceedings have been classified as civil in nature, rather than criminal. State v. Love, 312 So.2d 675 (La.App.2d Cir.1975).
It is significant to note, however, that our result herein is buttressed by the criminal, as well as civil, jurisprudence. In State v. Carter, 362 So.2d 510 (La.1978), the Supreme Court held that a statute reducing the penalty for rape from capital punishment to life, and thereby negating the procedures attendant to a capital case, was procedural and retroactive. State v. Martin, 351 So.2d 92 (La.1977), held that a change in the responsive verdicts for the offense of burglary was also procedural and retroactive.
We therefore find that Act 555 of 1982 is procedural, and is thus entitled to retroactive effect. Subsequent to the effective date of that act, September 10, 1982, the District Court possessed only appellate jurisdiction in proceedings of this type and was without original jurisdiction to conduct the hearing on this appellant on September 20, 1982. The judgment of the District Court decreeing that Doyne C. Bolden is a habitual traffic offender is hereby reversed for the reasons stated.
REVERSED.

. Finding merit in appellant’s initial contention, we do not address the second assignment of error. This assignment asserts that because his last speeding conviction was subsequent to State v. Jones, 404 So.2d 1192 (La.1981), and appellant was not “Boykinized” at that time, this last speeding conviction cannot be used to adjudge him a multiple traffic offender.

. “§ 1476. Hearing; procedure
The matter shall be heard by an adjudication officer of the Department of Public Safety. If the person named in the abstract denies that he was convicted of any offense shown in the abstract and necessary for a holding that he is a habitual offender, and if the department cannot, on the evidence available to it, determine the issue, the department may request the decision of such issue from the court in which such conviction was reportedly made. The court to which such request is made shall send to the department certified copies of its records determining such issue. The department in its discretion, may rely on certified copies of convictions adjudged by courts outside of this state, *907 or federal courts, or may request such a court to make a determination.”

. “§ 1477. Court’s findings; judgment
If the department finds that such person is not the same person named in the aforesaid abstract, or that he is not a habitual offender under this Chapter, the proceeding shall be dismissed, but if the department finds that such person is the same person named in the abstract and that such person is a habitual offender, the department shall so find, and by appropriate order, shall direct that such person not operate a motor vehicle on the highways of this state and shall surrender to the department all licenses or permits to operate a motor vehicle upon the highways of this state.”

. “§ 1478. Appeals
An appeal may be taken from any final order entered under the provisions of this Chapter by petition to the district court of the parish in which the person named in the abstract resides. Appeal from the decision of the district court may be taken to any court of competent appellate jurisdiction.”