467 So.2d 1198 (1985)
STATE of Louisiana, Appellee,
v.
Elton G. MINNIEFIELD, Appellant.
No. 16822-KA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1985.
*1199 Kidd & Kidd by Paul H. Kidd, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Tommy J. Adkins, Dist. Atty., Dan J. Grady, III, Asst. Dist. Atty., Ruston, for appellee.
Before MARVIN, JASPER E. JONES, and LINDSAY, JJ.
JASPER E. JONES, Judge.
Defendant, Elton G. Minniefield, was convicted by a jury of two counts of operating a motor vehicle in violation of LSA-R.S. 32:1480 A, a provision of the Motor Vehicle Habitual Offender Law.[1] The defendant appeals his convictions and sentences. We affirm.

The Facts
On February 20, 1979, the state filed a "Petition for Determination of Habitual Offender Status," docket number 29,237, in the Third Judicial District Court for Lincoln Parish against Elton G. Minniefield. In accord with the requirements of LSA-R.S. 32:1475 as it read at the time these proceedings were brought, the court ordered Minniefield to show cause on March 2, 1979, why he should not be considered a habitual offender and ordered to surrender his drivers license.
Minniefield was personally served on February 23, 1979. However, in addition to being served with those documents required by § 1475 at that time, he was also served with a citation which stated he had fifteen days to respond.
On March 2, 1979, the matter was taken up. The defendant was not present at the *1200 trial which concluded with a judgment finding him a habitual offender and ordering him to surrender his license. Notice of judgment was served on Minniefield on March 6, 1979.
On three different occasions, two in 1983 and one in 1984, Minniefield was apprehended while operating a motor vehicle. Minniefield was eventually charged with three counts of operating a motor vehicle in violation of LSA-R.S. 32:1480 A. Minniefield filed a motion to quash upon grounds that the civil judgment upon which the charges are based is defective due to insufficient identification of the offender, insufficient terms of the judgment itself and lack of proper service.
The motion to quash was denied and the matter proceeded to trial.[2] The defendant was found guilty on counts one and three and not guilty on count two. This appeal followed sentencing.

The Issues
The defendant assigns as error the trial court's denial of his motion to quash. This assignment presents four issues:
1. Can defects not constituting an absolute nullity of the judgment be raised by motion to quash in this criminal proceeding;
2. Is the judgment invalid for lack of sufficient evidence of the identity of the offender;
3. Is the judgment invalid for lack of sufficient terms;
4. Is the judgment invalid due to defective service.

Issue # 1
A judgment which is an absolute nullity may be attacked at any time by any party against whom it is asserted. Succession of Barron, 345 So.2d 995 (La.App. 2d Cir.1977); LSA-C.C.P. art. 2002.[3] However, the annulment of a judgment upon grounds of fraud or ill practices must be accomplished in a direct action and such defects may not be raised collaterally. Sizeler v. Sizeler, 375 So.2d 122 (La.App. 4th Cir.1979), writ refused, 376 So.2d 960 (La. 1979). LSA-C.C.P. art. 2004.[4]
The proceeding in which appellant was found a habitual offender is civil in nature. State v. Wilson, 354 So.2d 1077 (La.App. 2d Cir.1978). This civil judgment is not subject to collateral attack through the motion to quash except upon grounds which render it an absolute nullity.

Issue # 2
Defendant contends the civil judgment is invalid because there was insufficient evidence to identify him as the individual who committed the traffic offenses which formed the foundation for the proceeding. Appellant rests his argument on the fact that he was not served at any of the several addresses shown in the abstract of convictions and State v. Hill, 383 So.2d 67 (La.App. 3d Cir.1980), which he cites for the proposition that, where service is not made at the defendant's address as shown *1201 on the abstract, the state must present affirmative evidence of his identity.[5]
A judgment is entitled to the presumption of correctness and is assumed to have been rendered upon the presentation of legal and sufficient evidence. DePriest v. Connecticut Fire Insurance Company, 140 So.2d 458 (La.App. 1st Cir.1962). The minute entry in number 29,237 shows that evidence was adduced and offerings filed and the judgment itself recites that it was granted "upon proper presentation made."
Because, unlike Hill, this is not an appeal of the questioned judgment, the judgment is entitled to the presumption of correctness and proper evidence. This presumption is buttressed by the minute entry and the terms of the judgment itself which also indicate evidence was presented. Appellant has offered nothing but his own bald assertions and they are insufficient to overcome the presumption and supporting factors.
We also observe that even were we to find insufficient evidence supported the judgment it would not constitute an absolute nullity which could be raised through the motion to quash. Cf. Zuviceh v. Rodriquez, 444 So.2d 767 (La.App. 4th Cir.1984) (Allegations that default judgment was obtained upon incompetent evidence stated no cause of action to annul such judgment).

Issue # 3
Appellant contends that the judgment in number 29,237 is insufficient to support the present charges because it does not "adjudicate" him to be a habitual offender. We interpret this to be a contention that the judgment is null for failure to use some required words.
LSA-R.S. 32:1480 A[6] is the provision of the Motor Vehicle Habitual Offender Law under which appellant was convicted and sentenced. The criminal sanctions of that section are involved when one "found to be a habitual offender" drives in violation of its other provisions.
The judgment rendered by the district court in number 29,237 includes the following language: "... the Court having found that the defendant, ELTON G. MINNIEFIELD, is a habitual offender, ..." In view of the language of the judgment appellant is clearly a person who has been found to be a habitual offender and in view of the provisions of LSA-R.S. 32:1480 A no additional language to "adjudicate" the defendant a habitual offender is necessary. This contention is without merit.

Issue # 4
Appellant's final contention is that the judgment rendered in number 29,237 is absolutely null due to defective service. The factual basis for this contention is that when defendant was served with the documents required by law in number 29,237 he was also served with a citation that stated he had fifteen days to respond. The citation was erroneous in that the matter had been fixed for hearing in less than fifteen days and in that citation is not required in a summary proceeding such as this. LSA-C.C.P. arts. 1201[7] and 2594.[8] *1202 The substance of this contention is that the proper service of the legally required documents was negated by the inclusion and service of the unnecessary and inaccurate citation.
Minor errors in a citation, such as incorrect spelling of a party's name, or minor errors in the return, such as an erroneous date of service, do not constitute vices for which judgments may be annulled. Pertuit v. LeBlanc, 216 So.2d 863 (La.App. 2d Cir.1968); Wagenvoord Broadcasting Company v. Blanchard, 261 So.2d 257 (La.App. 4th Cir.1972).
This case is unusual in that it is not one where there was a failure to serve all required documents but instead there was service of the required documents plus an additional not required and possibly misleading document.[9] Thus, we do not have a failure to serve the defendant with documents necessary to give him notice and an opportunity to be heard but service of those documents plus another which might detract from that notice.
Appellant was served with the petition, order fixing the matter for hearing and abstract of convictions. After judgment was rendered he was served with notice of judgment. However, at no point did defendant file any responsive pleading, make any appearance or attempt to appeal the judgment.
A review of the documents served upon appellant shows that the petition in both paragraph 5 of the body and part 3 of the prayer stated that the hearing would be within ten days. The order states that hearing was set for March 2, 1979. The complained of citation directed the defendant to comply with the demands of the petition which contains the references to the accelerated hearing noted above.
Had appellant given the documents served upon him even a cursory review he would have been apprised of the March 2, 1979, hearing. That appellant never responded to or challenged the civil proceeding in any way at any time before this proceeding indicates that he suffered no prejudice from the inclusion of the citation. The service of the citation, under these facts, was no more than a minor error, like misspelling a party's name, which, while capable of causing some confusion, does not render the subsequent judgment absolutely null.

Conclusion
The appellant's assignment of error is without merit. The convictions and sentences are AFFIRMED.
NOTES
[1] The defendant was sentenced to serve one year in the parish jail on each count with an additional ninety days on each count in default of payment of costs. Six months of the sentence on the second conviction was made consecutive with the sentence on the first.
[2] The defendant also filed motions to "Reconsider Defendants Motion to Quash" and to "Involve Equitable Estoppel" raising the same issues. These motions were also denied.
[3] Art. 2002. Annulment of vices of form; time for action

A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.
[4] Art. 2004. Annulment for vices of substance; peremption of action

A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
[5] State v. Hill was an appeal of a judgment dismissing the state's action to have a person found a habitual offender where the only evidence offered by the state was the abstract and the defendant had been served at an address not shown on the abstract.
[6] § 1480. Driving after judgment prohibited; penalty

A. It shall be unlawful for any person to operate any motor vehicle in this state while the order of suspension prohibiting the operation remains in effect. Any person found to be a habitual offender under the provisions of this Chapter who is thereafter convicted of operating a motor vehicle in this state while the order of suspension prohibiting such operation is in effect, shall be punished by imprisonment for not less than one year nor more than five years.
[7] Art. 1201. Citation; waiver

Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null.
The defendant may expressly waive citation and service thereof by any written waiver made part of the record.
[8] Art. 2594. Service of process

Citation and service thereof are not necessary in a summary proceeding. A copy of the contradictory motion, rule to show cause, or other pleading filed by the plaintiff in the proceeding, and of any order of court assigning the date and hour of the trial thereof, shall be served upon the defendant.
[9] For examples of cases where judgments were annulled because of failure to serve required documents see Scullin, etc. v. Prudential Ins. Co., etc., 421 So.2d 470 (La.App. 4th Cir.1982) and Guillory v. Guillory, 396 So.2d 540 (La.App. 3d Cir.1981).