HALL, Chief Judge.
On October 15, 1981, plaintiff, James G. Mitchell, III, was adjudicated to be a habit *923 ual traffic offender by the district court and pursuant to the Motor Vehicle Habitual Offender Law, LSA-R.S. 32:1471 et seq., in particular LSA-R.S. 32:1477, was prohibited from operating a motor vehicle in this state. At the time of plaintiff's adjudication, LSA-R.S. 32:1479 provided that no license to operate a motor vehicle would be issued to a habitual offender until certain requirements were met, including the requirement that a period of five years had elapsed since the date of the order of the court finding such person to be an habitual offender. Act 555 of 1982, which became effective on September 10, 1982, amended the statute by reducing the time requirement for the restoration of driving privileges from five years to three years.[1] Plaintiff instituted this action against the State of Louisiana, Department of Public Safety, License Control and Driver Improvement Division, on October 24, 1984, more than three but less than five years from the date of his adjudication, alleging that the amendment to the time period should be applied retroactively and therefore he is entitled to the restoration of his driving privileges, which had been denied by the administrative agency. The trial court rendered judgment in favor of defendant, denying plaintiffs action. There are no reasons for judgment contained in the record. Plaintiff appealed.
The sole issue before this court on appeal is whether the trial court erred in refusing to apply the amendment to the statute to the plaintiff’s action for restoration of his driving privileges. We hold that the amendment is applicable and reverse the judgment of the district court.
The fundamental purpose behind the Motor Vehicle Habitual Offender Law is to promote highway safety in this state by denying driving privileges to habitual traffic offenders, LSA-R.S. 32:1471. See State v. Page, 332 So.2d 427 (La.1976). It is well-settled that proceedings under the habitual offender statutes are civil in nature rather than criminal. State v. Woodard, 387 So.2d 1066 (La.1980); State v. Bolden, 437 So.2d 905 (La.App.2d Cir.1983); State v. Page, supra; State v. Love, 312 So.2d 675 (La.App.2d Cir.1975), writ denied, 317 So.2d 627 (La.1975); State v. Hill, 383 So.2d 67 (La.App.3d Cir.1980); State v. Skyeagle, 345 So.2d 189 (La.App.3d Cir. 1977), writ denied, 347 So.2d 261 (La.1977), and citations therein.
Plaintiff argues that the 1982 amendment to LSA-R.S. 32:1479 is procedural or remedial in nature and thus, the statute is subject to retroactive application. Therefore, as a period of more than three years has passed since the date of his adjudication, he is now entitled to the restoration of his driving privileges.
Upon reviewing the Motor Vehicle Habitual Offender Law and Act 555 of 1982, it is the opinion of this court that the amended three year period does apply to the plaintiff in seeking the restoration of his driving privileges. Furthermore, such application to the plaintiff in the instant case does not require a finding of retroactivity of the amendment.
The pertinent statute in effect at the time of plaintiffs adjudication, LSA-R.S. 32:1477, provided that upon being adjudicated a habitual offender, an order shall issue directing that party not to operate a motor vehicle and to surrender all licenses or permits to operate a motor vehicle. The exact duration of the suspen *924 sion period was determined by the procedural requirements enumerated in LSA-R.S. 32:1479 which provided that no license should issue to a habitual offender until the lapse of five years. At the time of plaintiffs application for restoration of his driving privileges, LSA-R.S. 32:1479, as amended, required the passage of a three year period from the date of adjudication before a license could be issued. As plaintiff was adjudicated a habitual offender on October 15, 1981, more than three years had elapsed since his adjudication and therefore, at the time of his application he met the procedural requirements of LSA-R.S. 32:1479. Thus, plaintiff is entitled to the restoration of his driving privileges, provided he meets the other requirements of the statute.
As noted above, we do not consider this decision to be a retroactive application of the amendment to LSA-R.S. 32:1479. The change in the waiting period required under LSA-R.S. 32:1479 did not alter plaintiffs adjudication as a habitual traffic offender, but rather only the time period required before plaintiff could apply for the issuance of a license. At the time plaintiff made such application, the amendment was in effect and was applicable.
Even if it is assumed that the reinstatement of plaintiffs driving privileges after a period of three years constitutes retroactive application of the amendment, the amendment is procedural rather than substantive in nature and thus subject to retroactive application.
As noted in State v. Bolden, supra, and numerous citations therein, while LSA-C.C. Art. 8 provides that laws may only prescribe for the future, the Supreme Court has held consistently that the rule of prospective application applies only to substantive laws. Procedural or remedial legislation may be given retroactive effect unless the language contained in the legislation shows a contrary intent.
Previous amendments to LSA-R.S. 32:1479 have been given retroactive application. See Lattier v. Department of Public Safety, 403 So.2d 809 (La.App.2d Cir. 1981); Barron v. State, Dept. of Public Safety, 397 So.2d 29 (La.App.2d Cir.1981), writ denied, 401 So.2d 1188 (La.1981); McMellon v. State, Dept. of Public Safety, 397 So.2d 31 (La.App.2d Cir.1981), writ denied, 401 So.2d 1187 (La.1981); Hazley v. State Through Dept. of Public Safety, 388 So.2d 115 (La.App. 1st Cir.1980), and Wheeler v. State, Dept. of Pub. Safety, Etc., 377 So.2d 539 (La.App.3d Cir.1979).
In examining Act 555 of 1982 in State v. Bolden, supra, this court specifically found that the statute was procedural and remedial in nature and thus was entitled to retroactive application. The issue in Bol-den was whether the amendment which, in addition to shortening the time period for issuance of a license to a habitual offender from five to three years, changed initial jurisdiction of such matters from the district court to the Department of Public Safety, was applicable to a petition for adjudication as a habitual traffic offender pending in district court on the date the amendment became effective. In holding the amendment was applicable, this court held that Act 555 of 1982 did not create, confer or destroy any rights but rather established a method or procedure for determining status. It was noted that procedural acts are defined as those which describe methods for enforcing, processing, administering, or determining rights, liabilities, or status, whereas substantive acts are generally defined as those which create, confer, define, or destroy rights, liabilities, causes of action, or legal duties.
LSA-R.S. 32:1479 sets forth the procedural requirements for the reinstatement of driving privileges, including a specified waiting period. The statute does not create or destroy rights but rather only provides a method of determining status as a licensed operator of motor vehicles in this state after being adjudged a habitual traffic offender. As this statute is procedural in nature, any changes in this procedure necessarily meet the requirements for ret *925 roactive application set forth above and are subject to retroactive application.
Defendant points to LSA-R.S. 24:171 as authority for the proposition that the amendment to LSA-R.S. 32:1479 is not subject to retroactive application.
LSA-R.S. 24:171 provides as follows:
The repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.
As noted earlier, the penalty incurred by plaintiff was the actual adjudication as an habitual offender and the attendant suspension of his driving privileges. The amendment to LSA-R.S. 32:1479 did not directly affect plaintiffs adjudication but rather only altered the time period within which plaintiff could seek reinstatement of his driving privileges. Thus, the penalty, that is the adjudication as a habitual offender and attendant suspension of driving privileges remained intact and the application of the amendment to the plaintiff in the instant case does not have the effect of releasing or extinguishing the penalty. LSA-R.S. 24:171 is not applicable.
For these reasons, the judgment of the trial court in favor of defendant, State of Louisiana, Department of Public Safety, License Control and Driver Improvement Division, and against plaintiff, James G. Mitchell, III, is reversed. It is ordered that the Department issue a driver’s license to plaintiff upon his compliance with subsections (2) and (3) of LSA-R.S. 32:1479 and any other laws or regulations applicable to the issuance of licenses to operators of motor vehicles. Costs of this appeal are assessed to defendant insofar as such costs may be taxed against a political subdivision of the State of Louisiana.
REVERSED AND RENDERED.

. As amended, LSA-R.S. 32:1479 provides:
§ 1479. Prohibition
No license to operate motor vehicles in this state shall be issued to a habitual offender, nor shall a nonresident habitual offender operate a motor vehicle in this state until all of the following requirements have been complied with:
(1)A period of three years has elapsed since the date of the order of the court finding such person to be a habitual offender.
(2) Financial responsibility requirements are met.
(3) If after the lapse of the three year period provided above, the department determines that the person has faithfully complied with the order declaring him to be a habitual offender, the department shall restore to such person the privilege to operate a motor vehicle in this state.