Dear Mr. Murphy:
This office is in receipt of your request for an opinion of the Attorney General in regard to readmission of a student dropped for unsatisfactory grades. You indicate the policy in the practical nursing student handbook, Item 3, which began on February 11, 1992, provides, "Any student dropped due to unsatisfactory progress may apply for admission in the next class. If the student fails a second time he/she will not be permitted to re-enroll for five years." You ask if this policy would apply to a student who had been dropped for unsatisfactory grades in 1989 and again in March, 1992.
Generally, substantive laws or administrative rules are given only prospective application as distinguished from procedural or remedial laws which are given retroactive effect. "Substantive acts" are generally defined as those which create, confer, define, or destroy rights, liabilities, causes of action or legal duties, while "procedural acts" describe methods for enforcing, processing, administering, or determining rights, liabilities, or status. However, such a statute cannot be applied retroactively if it will result in impairing of contracts or the divestiture of vested rights.
We believe the reasoning in Mitchell v. State, Dept. of Public Safety, 476 So.2d 922 (La.App 1985) is applicable in reaching a conclusion to your question. The court noted that the statute in question set forth procedural requirements for the reinstatement of driving privileges, including a specified waiting period, and did not create or destroy rights. It was found to provide a method of determining status as a licensed operator of motor vehicles after being adjudged a habitual traffic offender. Finding any changes in the procedure was to be subject to retroactive application, the court stated, "The amendment * * * did not directly affect plaintiff's adjudication but rather only altered the time period within which plaintiff could seek reinstatement of his driving privileges."
Following the language of the court in the Mitchell case, supra, it may be concluded that the rule in question, setting forth requirements for reinstatement as a student to include a specified waiting period, provides a method of determining status. The rule does not directly affect the individual's adjudication as having been an unsatisfactory student, but only alters the time period in which she can seek reinstatement. This procedural rule would have retroactive application, and the student would have to wait five years for reinstatement.
We do not find that the retroactive application will impair a vested right for we cannot conclude there is a vested right for readmission of a student who was dropped for unsatisfactory progress.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0526f