432 So.2d 377 (1983)
Barbara Cooter CREWS
v.
Jimmy B. CREWS.
No. 82 CA 0547.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*378 Ralph D. Hillman, Thibodaux, for plaintiff-appellant.
Larry P. Boudreaux, Thibodaux, for defendant-appellee.
Before PONDER, SAVOIE and CRAIN, JJ.
PONDER, Judge.
This is a suit to partition the community property of the parties. Plaintiff appealed the trial court's judgment ordering the family home, a one-half interest in some commercial property and most of the community movables to be partitioned by licitation, while dividing corporate stock between the parties.
The issues on appeal are the sufficiency of evidence supporting partition by licitation and the depreciation of the value of the stock due to partition in kind.
We reverse and remand.
Plaintiff filed a petition alleging that the community property should be partitioned in kind or by licitation, requesting the appointment of notaries to inventory the property and praying for a partition of the community. The defendant answered requesting the partition by licitation of all property that could not be divided in kind. The record contains the notary's inventory of the commercial property located in St. Mary Parish, valued at $55,750.00, but does not include an inventory covering the family home and movables located in Assumption Parish.[1]
A stipulation was made by the parties as to the testimony of Jess Waguespack, an expert in the field of appraisal of small businesses, which was missing from the record. The stipulation stated that Mr. Waguespack testified that the fair market value of 49 shares of stock, owned by the community, in Bayou Testers, Inc., a closely held corporation, was in excess of $100,000.00.[2]
*379 The trial court decreed that certain community movables, the community home and the community's one-half interest in the commercial property be partitioned by licitation, the defendant was indebted to the community in the amount of $19,083.00, the plaintiff was indebted to the community in the amount of $3191.00, the stock in Bayou Testers, Inc. and certain silver coins be partitioned in kind, and certain community debts be paid by both parties. The plaintiff objects only to the portions of the judgment ordering partition by licitation and the division of the stock.
Plaintiff first argues that the only fair way to partition the community was to award her the house with its two mortgages, the one-half interest in the commercial property with its mortgage and all furniture and movables.[3] She contends that the defendant should have received all of the stock in Bayou Testers, Inc.
Partitions in kind are favored where the nature of the property permits. Ballard v. Ballard, 367 So.2d 1223 (La.App. 2nd Cir.1979), La.C.C.P. Art. 4606.[4] The community can be partitioned by licitation only when the parties cannot come to an agreement and the community property cannot be conveniently divided by the allocation of assets and liabilities of equal net value to each spouse. La.C.C. Art. 2369.1.[5]
When the pleadings or inventory setting out the nature and description of the community property show conclusively whether the property can be divided in kind or by licitation, an evidentiary hearing is not required. Lester v. Lester, 245 So.2d 478 (La.App. 3rd Cir.), writ refused 258 La. 366, 246 So.2d 684 (La.1971). Although one may conclude that the one-half interest in the St. Mary Parish property could not be conveniently divided, there is no evidence of record which indicates that it could not be allocated to one spouse in exchange for other assets of equal net value under La. C.C. Art. 2369.1.[6]
The appellate record contains no listing of the community movables except for that contained in the trial court's judgment and no evidence indicating the value of the community home or movables which were ordered sold. Although plaintiff's brief provides a value for these properties, we cannot speculate on facts asserted in brief which are not properly a matter of record and, therefore, are not properly before this court. Dozier, Louisiana Sweet Potato Advertising Commission v. Burleigh, 380 So.2d 197 (La.App. 3rd Cir.1980).
We agree with plaintiff's argument, that a court may equalize an unequal net distribution by the payment of a sum of money, either on an installment basis or all at one time.[7] However, such a determination should be based, among other things, on the circumstances of the parties and the reimbursements that must be made to the community. There is no evidence that such an equalization was considered.
An appellate court can remand an action for proper consideration, when the *380 record is so incomplete that the court is unable to pronounce definitely on issues or where parties have failed, for whatever reason, to produce available evidence material to a proper decision. Bodin v. Bodin, 392 So.2d 759 (La.App. 3rd Cir.1980). We feel that in the interest of justice, the judgment of the trial court must be reversed and remanded for further consideration of the issue of whether partition should be in kind or by licitation.
Plaintiff further argues that her portion of the community shares of Bayou Testers, Inc. has little or no value in her hands. We find no evidence in the stipulated testimony of Jess Waguespack which would indicate that splitting the stock would lessen its value. However, that portion of the judgment may be affected by the further consideration of the partition issues.
For these reasons, the portion of the trial court judgment ordering partition by licitation and division of the stock is reversed and the case is remanded for further proceedings consistent with law and the views hereinabove expressed. Costs of this appeal are to be divided between the plaintiff and defendant.
REVERSED IN PART AND REMANDED.
NOTES
[1] The record does contain an order indicating that a notary for Assumption Parish was appointed.
[2] Defendant offered the testimony of the public accountant of Bayou Testers, Inc. who was to have prepared a final, adjusted, financial statement for the company, which was evidently never offered into evidence. Plaintiffs offered a financial statement into evidence, but the accountant testified that it was a general ledger that had not been finally adjusted.
[3] She asserts that she presented this proposal to the trial judge, although there is no evidence of it in the record. She further asserts, by brief, that the net value she would receive from the listed assets, if her plan were followed, would be less than $100,000.00.
[4] La.C.C.P. Art. 4606:

Except as otherwise provided by law, or unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition to be made in kind.
[5] La.C.C. Art. 2369.1:

When the spouses are unable to agree on a partition of the community, either spouse may obtain a judgment decreeing a partition of the community in kind by allocation of assets and liabilities of equal net value to each spouse. If the community or any part thereof cannot be conveniently divided, the court shall order partition by licitation.
[6] La.C.C. Art. 2369.1 was enacted after the suit was filed, but became effective prior to trial on the merits. Since the law is procedural rather than substantive in nature, it is to be given retroactive effect. Johnson v. Fournet, 387 So.2d 1336 (La.App. 1st Cir.1980).
[7] Plaintiff cites cases from the jurisdictions of other states mentioned in Some Views, Old and New, On Recent Developments in Family Law, Rigby, Vol. 29, No. 5 La.Bar Journal 232, February, 1982, to support this argument.