499 So.2d 257 (1986)
GENINA MARINE SERVICES, INC.
v.
ARCO OIL & GAS COMPANY.
No. 85 CA 0970.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Rehearing Denied January 12, 1987.
*258 James McMichael, New Orleans, for defendant and appellee Arco Oil & gas co.
H.P. Rowley, III, Covington, for plaintiff and appellant Genina Marine Services, Inc.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
SAVOIE, Judge.
This is a suit seeking recognition and enforcement of a lien under the Louisiana Oil Well Lien Act, La.R.S. 9:4861 et seq. The trial court found the Well Lien Act inapplicable and granted defendant's motion for summary judgment. Plaintiff has appealed.
Plaintiff, Genina Marine, supplied the services of two vessels in connection with the drilling of offshore wells on the outer Continental Shelf during October and November of 1982. The value of these services was $10,175. Arco contracted for the services of the boats with Briley Marine, Inc., who in turn contracted for the services of Genina Marine. Arco paid Briley Marine for the services, but Briley Marine failed to pay Genina. Genina filed a notice of privilege against Arco wells on January 10, 1984. Suit was filed January 7, 1985.
Plaintiff moved for summary judgment and defendant filed a cross motion for summary judgment seeking dismissal of plaintiff's claim on the basis that the wells were located on the outer Continental Shelf and therefore, La.R.S. 9:4861 et seq., was inapplicable. The trial court denied Genina's motion for summary judgment, granted *259 Arco's motion for summary judgment and dismissed the suit. Plaintiff has now appealed.
In its Specifications of Error, Genina specifies that: "The district court erred by granting Arco's motion for summary judgment and denying Genina's motion for summary judgment." We note at the outset that a denial of a summary judgment is not a final judgment, La.C.C.P. art. 2083, and is not appealable. La.C.C.P. art. 968; Moore v. Prudential Ins. Co. of America, 302 So.2d 381, 384 (La.App. 1st Cir.1974). Accordingly, only the issues raised in the defendant's motion for summary judgment are properly before this court.
Additionally, on appeal, defendant has raised the peremptory exceptions of prescription and no cause of action. These exceptions may be raised for the first time in the appellate court pursuant to La.C.C.P. art. 2163, and will be considered herein. The factual and legal grounds for these two exceptions are identical and the two exceptions will be treated together.
We elect to treat the issues raised in the following manner: (1) Does federal law or Louisiana law apply to oil wells located on the outer Continental Shelf adjacent to Louisiana? (2) Is the Louisiana Oil Well Lien statute, La.R.S. 9:4861 et seq., applicable to oil wells located on the outer Continental Shelf? (3) Is the plaintiff's suit barred by prescription?

I. Law Applicable to Oil Wells Located On the outer Continental Shelf
Under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C.A. 1333[1] federal law is exclusive in its regulation of the outer Continental Shelf "to the same extent as if the outer Continental Shelf were an area of exclusive Federal jurisdiction located within a state." The OCSLA provides, in pertinent part, that "[t]o the extent that they are applicable and not inconsistent with ... other Federal laws ..., the civil and criminal laws of each adjacent state.....are hereby declared to be the law of the United States for ... the outer Continental Shelf, and artificial islands and fixed structures erected thereon...." The OCSLA makes it clear that "federal law, supplemented by state law of the adjacent State, is to be applied to these artificial islands [drilling rigs]...." Rodrigue v. Aetna Casualty and Surety Co., 395 U.S. 352, 89 S.Ct. 1835, 1837, 23 L.Ed.2d 360 (1969). "All law applicable to the Outer Continental Shelf is federal law, but to fill the substantial `gaps' in the coverage of federal law, OCSLA borrows the `applicable and not inconsistent' laws of the adjacent *260 States as surrogate federal law." Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 101 S.Ct. 2870, 2876, 69 L.Ed.2d 784 (1981).

II. Is La.R.S. 9:4861 et seq., Applicable to Oil Wells Located On the Outer Continental Shelf?
It is clear from the Act that the state law is adopted as federal law on the outer Continental Shelf if: 1) it is applicable; 2) it is not inconsistent with other federal laws; and 3) the wells would be within the area of the State if its boundaries were extended seaward to the outer margin of the outer Continental Shelf. 43 U.S.C.A. 1333(a)(2)(A).
"Applicability" is to be read in terms of necessitynecessity to fill a significant void or gap. Continental Oil Co. v. London Steam-Ship Owners' Mutual Ins. Assoc., 417 F.2d 1030, 1036 (5th Cir. 1969), cert. denied, 397 U.S. 911, 90 S.Ct. 911, 25 L.Ed.2d 92. The Well Lien Act has not been shown to be inconsistent or in conflict with any federal laws or regulations. As there is no other federal lien statute available to plaintiff, it follows that Louisiana's Well Lien Act, La.R.S. 9:4861 et seq., is "applicable" and "not inconsistent with" other federal laws. Louisiana's Well Lien Act was found applicable to wells located on the outer Continental Shelf in Continental Casualty Co. v. Associated Pipe and Supply Co., 279 F.Supp. 490 (E.D.La.1967), affirmed in part, modified in part, and vacated and remanded in part, 447 F.2d 1041 (5th Cir.1971); Louisiana Materials Co., Inc. v. Atlantic Richfield Company, 486 So.2d 776 (La.App. 4th Cir. 1986), reversed on other grounds, 493 So.2d 1141 (La.Sup.Ct.,1986), and Genina Marine Services, Inc. v. Mark Producing Company, 490 So.2d 1158 (La.App. 3rd Cir.1986).
The trial court's reliance on P.H. A.C. Services, Inc. v. Seaways Internationa, Inc., 403 So.2d 1199 (La.1981) was misplaced. In P.H.A.C., supra at 1202, the court held that:
"The statute [La.R.S. 9:4861 et seq.] does not purport to affect producing wells outside the State of Louisiana."
As stated in Louisiana Materials Co., Inc., supra at 778:
P.H.A.C. is not in conflict with these federal decisions. The property in question in P.H.A.C. was located off the Texas coast, and, therefore, would not be subject to any Louisiana law. Any attachment of property in that case should have been accomplished by means of Texas Law.
It is undisputed that the wells in question are located in Ship Shoal, Blocks 91 and 332, which are located on the outer Continental Shelf but within the area of the State of Louisiana if its boundaries were extended seaward to the outer margin of the outer Continental Shelf. Therefore, we find the Louisiana Well Lien Act, La.R.S. 9:4861 et seq., applicable to the wells in question and the trial court erred in concluding otherwise.

III. Prescription
In its peremptory exception of prescription, Arco contends that Genina Marine's suit has prescribed pursuant to La.R.S. 9:4862 and 9:4865. Genina Marine argues that its suit is timely and further that prescription was interrupted against Arco by the filing of a claim in U.S. Bankruptcy Court against Briley Marine, a solidary obligor.
The facts pertinent to this determination are not in dispute. Arco contracted for the services of the boats with Briley Marine who in turn contracted for the services of Genina Marine. Genina Marine performed services for Arco for five days in October, 1982, and from November 22 through November 30, 1982. Arco paid Briley Marine for the services, but Briley Marine failed to pay Genina and began bankruptcy proceedings. Genina Marine failed to file a notice of privilege until January 10, 1984, over thirteen months after the last performance of services. Suit was instituted on January 7, 1985, some twenty-five months after the *261 last performance of services, but within one year of recordation.
At the time the services were performed by Genina, La.R.S. 9:4862[2] read, in pertinent part, as follows:
"If a notice of such claim or privilege... is filed for record ... within 90 days after the last day of the performance of the labor or service ..., the privileges are superior to all other privileges or mortgages against the property ..."
La.R.S. 9:4865 provides as follows:
"Unless interrupted by suit thereon, the privilege shall prescribe and become ineffective one year from the date of recordation."
Recently in Louisiana Materials Co., Inc. v. Atlantic Richfield Company, 493 So.2d 1141 (La.Sup.Ct.,1986) (as corrected by substitution of a new page 14 on Sept. 18, 1986) and its companion case I.E. Miller of Eunice, Inc. v. Source Petroleum, Inc., 493 So.2d 1141 (La.Sup.Ct.,1986), the supreme court resolved a conflict in the interpretation of these statutes regarding the prescriptive period applicable to such liens. The Court in Louisiana Materials held that failure to record a claim or privilege within the 180 day time limit set forth in Section 4862[3] forfeits the priority but not the privilege itself. Unfortunately the court declined to decide just what prescriptive period applies to the enforcement of unrecorded liens or liens recorded after the time period provided by La.R.S. 9:4862. Instead it restricted its holding to the facts of the case, stating:
Our resolution of the legal issue in this case does not require that we decide just what prescriptive period applies to the enforcement of liens recorded after one hundred eighty days, or of those which are unrecorded. With respect to unrecorded liens the Fourth Circuit in Western Wireline was no doubt correct in asserting that liens cannot exist indefinitely without recordation. And, for the unrecorded lien, we need not decide whether a lien claimant who fails to record his lien within the recordation period `180 days from last service performed' has one year from last services performed to assert his privilege, as advanced by the Third Circuit in I.E. Miller, supra and the dissenting judge in C-Craft Marine [Marine Services, Inc. v. Llog Exploration Co., 470 S.2d 241], supra or whether a lien claimant who fails to record his lien within the recordation period has one year plus the recordation period in order to assert his lien. It suffices to conclude, at the least, that if suit is filed within one year of the conclusion of the activity which gave rise to the privilege, assertion of the lien is timely.
Therefore, the case at hand does not fall within the holding of Louisiana Materials as Genina Marine recorded its lien approximately thirteen-months after the last services performed. Thus we feel compelled to determine the applicable prescriptive period for liens that are not recorded within the Section 4862 time period.
After careful review we favor the view of the Third Circuit in I.E. Miller of Eunice, supra, and Genina Marine Services, Inc. v. Mark Producing Co., 490 So.2d 1158 (La.App. 3rd Cir.1986), holding that in regards to unrecorded liens or liens recorded outside the Section 4862 time period, suit must be filed within one year of the last day on which services are performed. Therefore, unless prescription was interrupted as alleged, Genina Marine's suit was untimely as no notice was recorded within the 90 day time period[4] and suit was instituted over twenty-five months after the last supplying of services.
*262 Genina Marine further contends that because they are solidary obligors, Genina's adversary proceeding against Briley Marine in U.S. Bankruptcy Court interrupted the running of prescription against Arco. Without deciding this question we are unable to make this determination from the record as it contains insufficient evidence regarding such claim, specifically the date on which the claim was filed and the subsequent disposition, if any, of such claim. Consequently, if the filing of suit against Briley in Bankruptcy Court could interrupt prescription, which we do not decide, we cannot tell from the record whether, in view of the time limits we have adopted, the filing of suit would have interrupted prescription in this case. An appellate court can remand an action for proper consideration, when the record is so incomplete that the court is unable to pronounce definitively on issues or where parties have failed, for whatever reason, to produce available evidence material to a proper decision. Crews v. Crews, 432 So.2d 377 (La. App. 1st Cir.1983). Additionally, La.C.C.P. art. 2163 provides that "[i]f the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for the trial of the exception." In light of Crews, supra, and the provisions of La.C.C.P. art. 2163, we deem a remand to be proper in this matter.
Also, we note that Arco filed an exception of no cause of action based on the contention that the Section 4862 time limitation is peremptive rather than prescriptive. We find no merit in this argument. The supreme court in Louisiana Materials, supra, determined that the lien may exist without recordation within that time period if suit is commenced within one year of the last day on which services were performed. If the lien can exist beyond the time limitations then the time limitation is not peremptive. Therefore, the time limitation in La.R.S. 9:4862 is prescriptive, not peremptive, and a cause of action may still exist even if there is no lien notice recorded within the time limitation of La. R.S. 9:4862.
For the above and foregoing reasons, we reverse the trial court's granting of summary judgment and remand this case for further consideration not inconsistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] § 1333. Laws and regulations governing lands

(a) Constitution and United States laws; laws of adjacent States; publication of projected State lines; international boundary disputes; restriction on State taxation and jurisdiction
(1) The Constitution and laws and civil and political jurisdiction of the United States are hereby extended to the subsoil and seabed of the outer Continental Shelf and to all artificial islands, and all installations and other devices permanently or temporarily attached to the seabed, which may be erected thereon for the purpose of exporing (sic) for, developing, or producing resources therefrom, or any such installation or other device (other than a ship or vessel) for the purpose of transporting such resources, to the same extent as if the outer Continental Shelf were an area of exclusive Federal jurisdiction located within a State: Provided, however, That mineral leases on the outer Continental Shelf shall be maintained or issued only under the provisions of this subchapter.
(2)(A) To the extent that they are applicable and not inconsistent with this subchapter or with other Federal laws and regulations of the Secretary now in effect or hereafter adopted, the civil and criminal laws of each adjacent State, now in effect or hereafter adopted, amended, or repealed are hereby declared to be the law of the United States for that portion of the subsoil and seabed of the outer Continental Shelf, and artificial islands and fixed structures erected thereon, which would be within the area of the State if its boundaries were extended seaward to the outer margin of the outer Continental Shelf, and the President shall determine and publish in the Federal Register such projected lines extending seaward and defining each such area. All of such applicable laws shall be administered and enforced by the appropriate officers and courts of the United States. State taxation laws shall not apply to the outer Continental Shelf.
[2] It is well settled with respect to liens recorded within the time period of Section 4862 that suit must be instituted within one year of the date of such recordation. The conflict concerned unrecorded liens and liens recorded outside the time period provided by Section 4862.
[3] La.R.S. 9:4862 was amended by Acts 1983, No. 374, effective August 30, 1983 to change the filing period from 90 days to 180 days. In the present case, the services were performed in 1982 and the 90 day period is applicable.
[4] Id.