514 So.2d 636 (1987)
HAWN TOOL COMPANY, Plaintiff-Appellant,
v.
CRYSTAL OIL COMPANY, Defendant-Appellee.
No. 18165-CA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1987.
*637 Gordon, Arata, McCollam, Stuart & Duplantis by Wade P. Webster, New Orleans, for Hawn Tool Co.
Cook, Yancey, King & Galloway by Albert M. Hand, Jr., Shreveport, for defendant-appellee.
Seago, Carmichael & Miller by D. Patrick Keating, Baton Rouge, for third party defendants.
Before JASPER E. JONES, NORRIS and LINDSAY, JJ.
JASPER E. JONES, Judge.
This is an appeal by plaintiff, Hawn Tool Company, from a judgment dismissing Hawn's claim against defendant Crystal Oil Company for failure to timely record oil well liens under the Oil, Gas, and Water Well Lien Act, LSA-R.S. 9:4861, et. seq.
Crystal Oil Company is the owner and operator of two wells drilled in Jackson Parish by Explorer Drilling Company (EDCO), a drilling contractor hired by Crystal. EDCO contracted with Hawn Tool Company for equipment and materials used on the wells. EDCO failed to pay Hawn and Hawn filed suit against EDCO. Judgment was obtained against EDCO but EDCO was placed in involuntary bankruptcy before execution of the judgment.
Hawn then sought to enforce liens against the wells pursuant to LSA-R.S. 9:4861, et seq. the Oil, Gas, and Water Well Lien Act. Hawn filed well liens on April 18, 1984 against Davis Brothers Well No. E-1 for equipment and materials provided through August 23, 1982 and against Davis Brothers Well No. H-1 for equipment and materials provided through December 23, 1982. A period of more than nineteen months and a period of more than fifteen months, respectively, elapsed between the date the equipment was last supplied and the date Hawn recorded its well liens.
Hawn filed suit against Crystal on June 25, 1984, more than 22 months after the conclusion of its activity on Well No. E-1 and one year and 184 days after the conclusion of its activity on Well No. H-1.
The trial judge concluded Hawn lost its privilege because it did not file a notice claiming the privilege within the statutory period of LSA-R.S. 9:4862.
The following issues are presented on appeal:
(1) Must a privilege granted by the Oil, Gas, and Water Well Lien Act be recorded within the statutory period to be effective or is recordation within the statutory period required only for the purpose of ranking?
(2) Must the 1983 amendment to LSA-R.S. 9:4862 be given retroactive effect?
(3) If failure to record within the statutory period forfeits only the superior ranking of the lien, when is the lien claimant's cause of action prescribed?
At the time the liens were filed and suit instituted, LSA-R.S. 9:4862 read as follows:
If a notice of such claim or privilege, setting forth the nature and amount thereof, is filed for record and inscribed in the mortgage records of the parish where the property is located within one hundred eighty days days [sic] after the last day of the performance of the labor or service, in the case of laborers, within one hundred eighty days after the last day of the doing, making, or performing of such trucking, towing, barging, or repairing, in the case of claimants doing, making, or performing such services, and in the case of furnishers of fuel, drilling rigs, standard rigs, machinery, equipment, material or supplies, within one hundred eighty days from the last date of the delivery of such fuel, drilling rigs, standard rigs, machinery, equipment, material or supplies to the well or wells, the privileges are superior to all other privileges *638 or mortgages against the property, except taxes or ...
Prior to a 1983 amendment of LSA-R.S. 9:4862 which fixed the statutory period at 180 days, the statutory period was ninety days.
Crystal argues the trial court correctly determined the privilege is lost for failure to record within the time period provided by LSA-R.S. 9:4862. As we have pointed out, Hawn's liens were recorded long after the elapse of the statutory period, whether the period was considered to be 90 days or 180 days. Hawn argues the failure to record the lien within 90 or 180 days of the conclusion of activity forfeits only the superior ranking of the lien and a lien recorded after the expiration of the statutory period remains effective as a privilege even though it cannot be considered for ranking purposes.
The Louisiana Supreme Court has resolved the issue. "In order to be effective the lien need not be recorded within the one hundred eighty days specified in LSA-R.S. 9:4862 (or ninety days if prior to the 1983 amendment to La.R.S. 9:4862)." [emphasis added] Louisiana Materials Co. v. Atlantic Richfield, 493 So.2d 1141 (La.1986).[1] Recordation within the statutory period is necessary only for the purpose of ranking other privileges or mortgages. Louisiana Materials, supra.
LSA-R.S. 9:4865 provides the privilege is lost unless suit is filed within one year from the date of recordation. The majority opinion in Louisiana Materials, supra, viewed Section 4865 as a "means of cleansing the public record of recorded liens." The longest period which could elapse between the last day of performing the service and filing suit is one year and 180 days when the claimant records on the last day of the statutory time period provided in LSA-R.S. 9:4862. I.E. Miller of Eunice, Inc. v. Source Petroleum, Inc., 484 So.2d 239 (La.App. 3d Cir.1986), aff'd, 493 So.2d 1141 (La.1986).
The prescriptive period applicable to the enforcement of liens recorded after the elapse of the statutory period or of those liens which are unrecorded had not been determined by our supreme court. The supreme court in Louisiana Materials, specifically declined to resolve the issue and held on the facts of the case, "... at the least ... if suit is filed within one year of the conclusion of the activity which gave rise to the privilege, assertion of the lien is timely."
The holding of Louisiana Materials, supra, does not encompass the instant case as Hawn recorded its liens approximately sixteen and twenty months after the last equipment was delivered. The lien on Well E-1 was filed more than thirteen months after the expiration of the 180 day period. The lien on Well H-1 was filed one year and four days after the expiration of the 180 day period.
The First Circuit was recently confronted with determining the applicable prescriptive period for liens not recorded within the 180 day period. The court held "in regards to unrecorded liens or liens recorded outside the Section 4862 time period, suit must be filed within one year of the last day on which services are performed." Genina Marine Services v. Arco Oil & Gas Co., 499 So.2d 257 (La.App. 1st Cir.1986). The Louisiana Supreme Court in Louisiana Materials, supra, refused to approve the correctness of the rule later adopted in Genina, supra. The court in Louisiana Materials, supra, stated:
"It suffices to conclude, at the least, that if suit is filed within one year of the conclusion of the activity which gave rise to the privilege, assertion of the lien is timely. In this case, Louisiana Materials filed their lien and lawsuit thereon three hundred and sixty-four days after their last supply of clam shells."
The court, while refusing to make a determination as to the prescription period on unrecorded liens or those liens recorded after elapse of the statutory period left *639 little doubt that it considered the prescription period under these circumstances to be either one year from the date of the last work activity or one year from the date that a lien could have last been filed within the delay period contained in the statute. The court stated:
"And, for the unrecorded lien, we need not decide whether a lien claimant who fails to record his lien within the recordation period (one hundred eighty days from last service performed) has one year from the date of last service performed to assert his privilege, as was advanced by the Third Circuit in I.E. Miller, supra and the dissenting judge in C-Craft Marine, [Services, Inc. v. Llog Exploration Co., 470 So.2d 241 (La.App. 4th Cir.1985)], supra or whether a lien claimant who fails to record his lien within the recordation period has one year plus the recordation period in order to assert his lien." Louisiana Materials, supra.
We decline to follow Genina, supra, and conclude the better view is that the privilege that is recorded after the elapse of the statutory period or is unrecorded prescribed one year from the last day of the statutory period. The claimant who records his lien within the statutory period [which is either 90 or 180 days] must institute suit within twelve months. LSA-R.S. 9:4865. To illustrate, the claimant who records on the 180th day has an additional twelve months to bring suit. Under the holding of Genina, supra, the cause of action of the claimant who records the lien on the 181st day (or fails to record it at all) will prescribe six months sooner than the cause of action of the claimant who records on the last day of the lien ranking period.
Recordation is not required to preserve the privilege. Louisiana Materials, supra. The attitude of the Louisiana Supreme Court as reflected from the holding of Louisiana Materials is to leave the cause of action for unrecorded liens as viable as the cause of action for recorded liens, except for the purposes of ranking. In furtherance of this expressed policy, we hold that a lien claimant who fails to record his lien within the statutory period of LSA-R.S. 9:4862 has one year plus the recordation period to file suit.
The statutory period within which the lien was required to be filed as of the date the services were rendered by Hawn in 1982 was ninety days. This provision of LSA-R.S. 9:4862 was amended by Act. No. 374 of the 1983 Legislature to extend the statutory period for recording the lien to 180 days. The 180 day period became effective on August 30, 1983 and was therefore in effect at the time Hawn filed its liens and suit in 1984. In order to determine when Hawn's claims prescribed we must first determine whether the 1983 amendment is retroactive for the purpose of computing the prescriptive period which we have concluded is here applicable.
LSA-C.C. Art. 8 provides that a law can prescribe only for the future; however, this rule applies only to substantive laws. Procedural or remedial legislation is to be given retroactive effect unless the language shows a contrary intent. Lott v. Haley, 370 So.2d 521 (La.1979); State v. Bolden, 437 So.2d 905 (La.App. 2d Cir. 1983); Fullilove v. U.S. Casualty Company of New York, 129 So.2d 816 (La.App. 2d Cir. 1961).
The issue turns on the appropriate construction of the statutory period in LSA-R.S. 9:4862 as either substantive or procedural in nature. Substantive acts are generally defined as those which create, confer, define, or destroy rights, liabilities, causes of action or legal duties. Procedural acts describe methods for enforcing, processing, administering, or determining rights, liabilities, or status. Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940); Bostick v. Intern. Minerals and Chemical Corp., 360 So.2d 898 (La.App. 2d Cir.1978); Mitchell v. State Dept. of Public Safety, 476 So.2d 922 (La.App. 2d Cir.1985).
In Shreveport Long Leaf Lumber Co. v. Wilson, supra, the statute changing the method of maintaining the viability of a materialman's lien was held remedial and retroactive. In Bostick v. Intern. Minerals and Chemical Corp., supra, the court *640 held the statute eliminating the cause of action against executive officers was substantive and prospective. In Mitchell v. State Dept. of Public Safety, supra, an amendment reducing the period for reinstatement of driving privileges from five years to three years was held procedural and subject to retroactive application.
We conclude the statutory period in LSA-R.S. 9:4862 is remedial in nature. The period does not create or destroy rights but rather only provides a method of ranking other privileges or mortgages. The amendment to the statute changes only the method of ranking by increasing the period from 90 to 180 days. The substantive rights provided by the well lien act to materialmen were not changed in any way by the amending act. This change in procedure is therefore subject to retroactive application in this case.
Having concluded the 180 day period contained in the 1983 amendment is applicable to this case we find that Hawn's claim had prescribed because more than one year and 180 days had elapsed since the services were rendered on each of the liened wells before suit was filed. We note that the same results would be reached even if we are in error in finding the provision of the 1983 amendment to LSA-R.S. 9:4862 to be retroactive for the purpose of calculating prescription and that Hawn's claim would have prescribed one year and ninety days from the date the last service was rendered.
Under the rule adopted by us the prescription period applicable to the untimely or nonrecorded privilege is more nearly equal to the prescription period applicable to the timely recorded privilege than it would be under the rule enunciated in Genina, supra.
The trial judgment is AFFIRMED at appellant's costs.
NOTES
[1] In 1986 the legislature passed Act 191 which amends Section 4862 to make recordation a requirement for preservation of the privilege. The amendment is inapplicable to the instant case. See Louisiana Materials, supra.