552 So.2d 1005 (1989)
GENINA MARINE SERVICES, INC.
v.
ARCO OIL & GAS CO.
No. 88 CA 1352.
Court of Appeal of Louisiana, First Circuit.
November 14, 1989.
Writ Denied January 26, 1990.
*1006 David S. Bland, New Orleans, for plaintiff and appellant, Genina Marine Services.
James D. McMichael, Cheryl Cunningham, New Orleans, for defendant and appellee, Arco Oil & Gas Co.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
This is a suit seeking recognition and enforcement of a lien under the Louisiana Oil Well Lien Act, LSA-R.S. 9:4861 et seq. The trial court initially granted the motion for summary judgment of defendant, Arco Oil & Gas Company's, (Arco), finding the Oil Well Lien Act inapplicable to plaintiff, Genina Marine Services, Inc.'s, (Genina) claim. Plaintiff appealed and we rendered an opinion reversing and remanding the action.[1]Genina Marine Services, Inc. v. Arco Oil & Gas Company, 499 So.2d 257 (La.App. 1st Cir.1986). On remand, the trial court granted a summary judgment in favor of defendant dismissing plaintiff's action on the basis of prescription. Plaintiff appeals the dismissal.
The facts are not contested. In 1982, Arco, as an oil lease owner, contracted with Briley Marine, Inc. (Briley) for boat services in connection with the drilling of offshore wells. Briley in turn contracted with Genina who provided these services to the wells in October and November of 1982. Arco paid Briley; however, Briley never paid Genina.
For purposes of this appeal, Arco and Genina have stipulated that Genina filed suit against Briley in March of 1983.[2] Genina failed to file a notice of privilege pursuant to LSA-R.S. 9:4862 until January 10, 1984, and did not file suit against Arco pursuant to LSA-R.S. 9:4865 until January 7, 1985.
As discussed in our earlier opinion, both the notice of privilege and suit are untimely unless prescription was interrupted. Genina Marine Services, Inc., 499 So.2d at 261. Genina argues that Briley and Arco are solidary obligors such that the one year prescriptive period of LSA-R.S. 9:4865 was interrupted by the filing of suit against Briley in March of 1983. Therefore, the only issue on appeal is whether Briley and Arco are solidary obligors.
Arco's liability to Genina is premised upon the applicability of the Oil Well Lien *1007 Act. LSA-R.S. 9:4861 grants a privilege to providers of labor and services to drilling rigs on certain property associated with those rigs.[3] Arco owns property which would be subject to the lien if the lien was properly preserved. LSA-R.S. 9:4862, at the time the services were performed by Genina, granted 90 days from the last day of services provided within which to file a notice of claim preserving the privilege.[4] For cases in which the lien has been preserved within the 90 day time period, LSA-R.S. 9:4865 provides a prescriptive period of one year in which to institute suit.[5]
As stated earlier, Genina failed to meet the time period stated in LSA-R.S. 9:4861 and also failed to file suit against Arco within one year from date of last service, Genina now argues that because Arco is solidarily liable with Briley the suit, timely filed against Briley in March of 1983, served to interrupt the prescriptive period.
The relevant statutory articles on solidarity are as follows. Louisiana Civil Code article 1799 states:[6]
The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs.
Louisiana Civil Code article 1794 states:[7]
An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee.
The trial court reasoned that the lien was only an in rem claim against the property listed in the statute and did not create any personal liability on the part of Arco. Therefore, because Arco was not indebted to Genina the trial court found there could be no solidary obligation between Arco and Briley that was owed to Genina.
Genina relies heavily on Frank's Casing Crew and Rental Tools v. Carthay Land Company, 212 So.2d 161 (La.App. 4th Cir.), writ denied, 252 La. 889, 214 So.2d 716 (1968), to overcome the reasoning of the trial judge. Franks is an Oil Well Lien Act case in which a personal suit was filed against the owner of the property subject to the lien. The issue was whether this suit was sufficient to interrupt the prescriptive period of LSA-R.S. 9:4865. The Fourth Circuit held that there is no statutory requirement in the Oil Well Lien Act which limits the creditor to an in rem proceeding, such that a personal action filed against the owner of the property subject to the lien is sufficient to interrupt LSA-R.S. 9:4865 prescription.
We decline to follow Franks in so far as it holds that the owner of the property *1008 subject to the lien is personally obligated to the claimant.
The Oil Well Lien Act does not create any personal obligations. The act grants a privilege over certain property to certain people. Nowhere in the act is there any mention of a personal obligation. In interpreting statutes granting liens and privileges, courts generally construe the statutes strictly against the claimant. P.H. A.C. Services, Inc. v. Seaways International, Inc., 403 So.2d 1199, 1202 (La.1981). Following the jurisprudential rule we find the trial judge was correct in determining that there is no personal liability on the part of Arco and the lien creates only an in rem liability which is not dependent on the owner of the liened property. LOR, Inc. v. Martin Exploration Co., 489 So.2d 1326 (La.App. 1st Cir.), writ denied, 493 So.2d 1217 (La.1986).
As Arco is not personally indebted to Genina, there can be no solidary relationship between Arco and Briley. Therefore, Genina's suit filed against Briley in March of 1983 did not interrupt the prescriptive period as it related to Arco. The lien has prescribed against Arco's property and the summary judgment was properly granted.
For the foregoing reasons, the judgment of the trial court is affirmed at the cost of appellant, Genina Marine Services, Inc.
AFFIRMED.
NOTES
[1] We held that the Louisiana Oil Well Lien Act, LSA-R.S. 9:4861 et seq., was applicable to the wells in question as federal surrogate law under the Outer Continental Shelf Lands Act. We also held that the prescriptive period for unrecorded liens or liens recorded after the time period provided by LSA-R.S. 9:4862 is one year from the last day on which services are performed. We remanded to the trial court for further evidence relating to the date prescription was allegedly interrupted.
[2] Briley filed bankruptcy before paying Genina. Genina filed a claim in bankruptcy court for the services provided to the drilling rigs and claimed this was sufficient to interrupt prescription. However, the parties in this suit, Arco and Genina, have stipulated that suit was filed against Briley within one year of the last day on which services were provided, pretermitting our decision as to whether a claim filed in bankruptcy court is equivalent to the filing of suit required in LSA-R.S. 9:4865.
[3] LSA-R.S. 9:4861, at the time services were performed by Genina read, in pertinent part, as follows:

Any person who performs any ... service ... in connection with the drilling of any well or wells in search of oil ... has a privilege on all oil ... produced from the well or wells, and the proceeds thereof inuring to the working interest therein, and on the oil ... well or wells and on the lease whereon the same are located, and on all drilling rigs, standard rigs, machinery, appurtenances, appliances, equipment, buildings, tanks, and other structures thereto attached or located on the lease, for the amount due for ... service, in principal and interest and for the cost of preparing and recording the privilege, as well as ten per cent attorney's fees in the event it becomes necessary to employ an attorney to enforce collection....
[4] LSA-R.S. 9:4862 at the time services were performed by Genina, read, in pertinent part, as follows:

If a notice of such claim or privilege ... is filed for record ... within 90 days after the last day of the performance of the labor or service ..., the privileges are superior to all other privileges or mortgages against the property ...
LSA-R.S. 9:4862 was amended by Acts 1983, No. 374, effective August 30, 1983, to change the filing period form 90 days to 180 days. In the present case, the services were performed in 1982 and the 90 day period is applicable.
[5] LSA-R.S. 9:4865, at the time services were performed by Genina, read as follows:

Unless interrupted by suit thereon, the privilege shall prescribe and become ineffective one year from the date of recordation.
[6] LSA-C.C. art. 1799 replaced and expanded LSA-C.C. art. 2097 in the 1984 revision of the Civil Code. The expansion is not relevant in this lawsuit.
[7] LSA-C.C. art. 1794 replaced LSA-C.C. art. 2091 in the 1984 revision of the Civil Code. The change was not substantive.