**In the Matter of A. Michael HYDE, A. Michael Hyde Oil and Gas Company and A. Michael Hyde Oil and Gas Company, Inc., Debtors.**

**Clifford C. BURGESS, Trustee, et al., Appellants,**

**v.**

**SAWYER DRILLING & SERVICE, INC., Appellees.**

**No. 89–4733.**

United States Court of Appeals, Fifth Circuit.

May 10, 1990.

Randall S. Davidson, and Allison A. Jones, Davidson, Nix & Arceneaux, Shreveport, La., for Burgess.

J. Jay Caraway and Paul M. Adkins, Blanchard, Walker, O'Quin & Roberts, Shreveport, La., for So. Union Exploration Co.

John M. Shuey, Shuey & Smith, Shreveport, La., for appellees.

Before REAVLEY, JONES and DUHÉ, Circuit Judges.

REAVLEY, Circuit Judge:

Clifford C. Burgess, trustee for the debtors' estate, and several creditors appeal the district court's ruling, which recognized the validity under Louisiana law of a lien claimed by Sawyer Drilling & Service, Inc. ("Sawyer"). We affirm.

### I. Background

In 1985 Sawyer contracted with A. Michael Hyde Oil & Gas Company ("Hyde Oil") to drill the Harris No. 1 Well ("Well") in Louisiana. Sawyer completed the drill-

---

9. *Tindall,* 717 F.Supp. at 448–49.

ing on November 4, 1985 and "rigged down" the following day. The rig was physically removed from the location on November 23. Sawyer was not paid for this work.

On July 25, 1986 Sawyer filed a Statement of Lien Claim and Privilege, asserting its claim under the Louisiana Oil, Gas, and Water Well Lien Act ("Well Lien Act"). La.Rev.Stat. §§ 9:4861–9:4867 (West 1983 & Supp.1990). On October 21, 1986 an involuntary bankruptcy proceeding was initiated against Hyde Oil, which was later converted to a voluntary bankruptcy under Chapter 11.

On March 26, 1987 Burgess, as trustee of the bankrupt estate, commenced an adversary proceeding against five trade creditors, including Sawyer, and against those claiming an ownership interest in the Well. The purpose of the proceeding was to determine the validity, amount, and priority of the lien claims against the Well. Sawyer answered the complaint on April 30, 1987—more than a year but less than a year and 180 days after completing the drilling.

In proceedings before the bankruptcy court, Sawyer moved for summary judgment, claiming that it was entitled to the statutory lien privileges under the Well Lien Act. The court found that because Sawyer did not file a lien within the 180-day statutory filing period, it held an unrecorded lien. *See id.* § 9:4862 A(1) (amended 1986). The court then determined that the prescriptive period for asserting an unrecorded lien is one year and 180 days from the last day of service. Since Sawyer had asserted its lien within that period, the bankruptcy court granted Sawyer's summary judgment motion. The district court affirmed. Burgess and the other creditors (collectively "Burgess") appeal, claiming that the bankruptcy and district courts erred in finding that the prescriptive period for unrecorded liens runs one year and 180 days.

---

1. The privilege of a claimant, who files within 180 days after the last date of performance of service, is superior to all other privileges or mortgages against the property, except taxes or a bona fide vendor's privilege, or those filed

## II. Analysis

The Well Lien Act provides a statutory privilege in favor of those who perform services in connection with the drilling of oil, gas, or water wells. *Id.* § 9:4861. In 1986 the Act was amended to require recordation to preserve the statutory privilege. 1986 Louisiana Acts, No. 191, § 1 (codified at La.Rev.Stat. § 9:4865). However, in cases, such as this, that are governed by the statute as it existed prior to the 1986 amendment, the privilege is recognized regardless of whether the lien was recorded. *Louisiana Materials Co., Inc. v. Atlantic Richfield Co.*, 493 So.2d 1141, 1147–48 (La.1986). Recordation is required solely to benefit from the superior statutory ranking. *Id.* at 1144–45, 1147–48.[1]

Although it is undisputed that Sawyer has been the holder of an unrecorded lien, the question raised is whether Sawyer asserted its claim within the prescriptive period for an unrecorded lien. The precise duration of that prescriptive period is currently unsettled by the Louisiana courts.

While the Well Lien Act provides that recorded liens will prescribe one year from the date of filing, unless "interrupted by suit," La.Rev.Stat. § 9:4865 (West 1983 & Supp.1990) (amended 1986), it does not specify a prescriptive period for unrecorded liens. In *Louisiana Materials*, the Louisiana Supreme Court held that the prescriptive period for unrecorded liens extends, at a minimum, to one year after the date on which the last work was performed. 493 So.2d at 1148. The court also stated that the prescriptive period may extend as long as one year plus the statutory recordation period of 180 days, but declined to resolve the issue. *Id.* The Louisiana Courts of Appeal that have addressed the question in the wake of *Louisiana Materials* have been unable to reach a consensus on whether the prescriptive period runs one year and 180 days or merely one year. *Compare Compadres, Inc. v. Johnson Oil &*

prior to the date on which the claimant began providing services. La.Rev.Stat. § 9:4862 A(2) (West 1983 & Supp.1990) (amended 1986 and 1989).

Gas Corp., 547 So.2d 382, 387 (La.Ct.App. 3d Cir.1989) (prescriptive period one year plus 180–day recordation period); *Hawn Tool Co. v. Crystal Oil Co.*, 514 So.2d 636, 639 (La.Ct.App. 2d Cir.1987) (same) *with Genina Marine Servs., Inc. v. ARCO Oil & Gas Co.*, 499 So.2d 257, 261 (La.Ct.App. 1st Cir.1986) (one year prescriptive period), *subsequent appeal*, 552 So.2d 1005, 1006 n. 1 (La.Ct.App. 1st Cir.1989), *writ denied*, 556 So.2d 1281 (1990).

In support of their adoption of a one year and 180–day prescriptive period, the Second and Third Circuit Courts of Appeal discerned from *Louisiana Materials* a broad view toward the viability of unrecorded liens. *Compadres*, 547 So.2d at 387; *Hawn Tool*, 514 So.2d at 639. Faced with conflicting decisions and the lack of conclusive statements from the Louisiana Supreme Court, the bankruptcy court followed this more permissive approach and also adopted the one year and 180–day prescriptive period. Sawyer asserted its claim more than one year but less than one year and 180 days after the date on which the last work was performed.[2] Accordingly, the bankruptcy court upheld the validity of Sawyer's lien against the Well. The district court agreed with the bankruptcy court's analysis and affirmed its ruling.

 In cases raising unsettled questions of state law, the district court is entitled to substantial deference in its "determination of the law of the state in which it sits." *Stephenson v. Paine Webber Jackson & Curtis, Inc.*, 839 F.2d 1095, 1101 n. 19 (5th Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 310, 102 L.Ed.2d 328 (1988). As the one year and 180–day prescriptive period is supported by the somewhat greater weight of Louisiana authority and nothing in the Well Lien Act or Louisiana case law mandates a contrary conclusion, summary judgment in favor of Sawyer is AFFIRMED.

---

**2.** The bankruptcy court determined that Sawyer's answer on April 30, 1987 to Burgess' complaint constituted a "suit" interrupting the prescriptive period within the meaning of section 9:4865. Burgess does not contest that determination.