LOBRANO, Judge.
This case requires the interpretation and application of the Oil Well Lien Act (the Act), La.R.S. 9:4861, et seq. Intervenors, Trans-american Energy LTD. Ill, Toce Oil Company and Crossroad Oil Company, appeal the trial court’s grant of summary judgment in favor of plaintiff, Guichard Drilling Company. There are two issues presented for our review. First, we must decide whether a creditor can, when executing on his oil well lien, seize the ownership interests of parties who were not made defendants in the seizure proceedings. Second, we must decide whether seizure pursuant to an oil well lien against one party who purportedly has an ownership interest in the encumbered property prevents the other owners, who were not made defendants, from raising the defense of per-emption. We reverse and remand.

FACTS:

By letter agreement dated July 20, 1989, Transamerican hired Alpine Energy Services to drill a well on certain property in St. Martin Parish covered by an oil and gas lease known as the Wilbert lease. The agreement provided that, in addition to paying Alpine for its services, Alpine would receive a 12.5% working interest if the well were successful. The interest would be assigned by Transamerican.
Alpine subcontracted the drilling services to Guichard. The well was a dry hole. On October 11, 1989 Guichard filed an oil and gas hen in the records of St. Martin Parish against the Wilbert lease asserting that Alpine had not been paid for the work performed in drilling the well.[1] On the date the hen was filed, Toce was the record owner of the Wilbert lease. Although Transamerican and Crossroads had assignments from Toce, those assignments were not recorded until March 14, 1990.
On October 12, 1989 Guichard filed suit in Plaquemines Parish against Alpine to enforce its hen on the Wilbert lease. Neither Toce, Transamerican nor Crossroads were named as defendants. On October 13,1989, a notice of hs pendens was filed. A copy was sent to *1314 Transamerican and Toce.[2] On April 19,1990 Guichard obtained a default judgment in Plaquemines Parish against Alpine for $112,-060.00 plus interest and attorney fees. The judgment also recognized that the money judgment against Alpine was secured by the oil and gas lien filed against the Wilbert lease.
On July 19, 1990 Guiehard filed suit in Orleans Parish to make the Plaquemines judgment executory. At the same time, Guiehard garnished funds held by Texaco Trading and Transportation, Inc. which were owed to the intervenors for the purchase of oil from the producing well on the Wilbert lease, Wilbert No. 1. The Plaquemines judgment was then made executory and the funds held by Texaco were ordered seized to satisfy the judgment.
On December 7, 1990, Transamerican, Toce and Crossroad intervened seeking a preliminary injunction to prohibit the garnishment of its funds and asking for a return of the funds previously seized. They also sought damages for wrongful seizure. The trial court denied the injunctive relief sought. On a writ application this Court reversed and held that because the intervenors were indispensable parties to Guichard’s action to enforce the lien, the trial court erred in not granting the preliminary injunction.[3] The case was remanded. Actually, Toce was the only indispensable party because when the hen was filed, Toce was the record owner of the lease subject to the lien. Toce’s subsequent assignments to Transamerican and Crossroads could have no effect on Guich-ard’s lien. This fact, however, is irrelevant because of the disposition we reach.
On remand, the intervenors attempted to obtain a summary judgment on the return of the funds that had already been seized. The trial court denied that motion, and we agreed.[4] We held that the issuance of the preliminary injunction merely preserved the status quo pending, a trial on the merits and was not a decision on the correctness of the seizure.
On April 3, 1992, Guichard[5] answered the petition of intervention and reconvened naming intervenors as defendants. Guichard again sought recognition of its lien and its “in rem” interest in the subject lease. The in-tervenors then filed a peremptory exception of prescription.
On Guichard’s motion for summary judgment, the trial court held that Guichard’s lien rights were “in rem” rights and recognized Guichard’s lien as securing the money judgment obtained against Alpine in Plaquemines Parish. The preliminary injunction was dissolved and the intervenors’ exception of prescription was denied. Intervenors now appeal that judgment.
Intervenors present three arguments. They assert that the Plaquemines judgment is an absolute nullity, that Guichard’s claim against them has prescribed and that since Transamerican filed for bankruptcy, the proceedings should have been stayed.

ASSIGNMENT OF ERROR ONE:

Intervenors argue that the Plaquemines parish judgment is an absolute nullity, citing Code of Civil Procedure Article 2002 in support. That article provides, in pertinent part, that a final judgment shall be annulled if rendered:
“(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance or against whom a valid judgment by default has not been taken.”
Intervenors’ argument is on the right trajectory, but misses the mark. Article 2002 applies to those situations where a party is a named defendant, but is not properly served. *1315 In that instance, any judgment against the unserved defendant is an absolute nullity. See, Wilson v. King, 227 La. 546, 79 So.2d 877 (1955). In the case before us, interve-nors were never made parties to the suit in Plaquemines, and thus, irrespective of Article 2002, there can be no judgment against them. The Plaquemines judgment is valid as to Alpine, but has no effect as to intervenors. Even though Transamerican and Toce appear in the description of the lien affidavit, the Plaquemines judgment cannot effect their rights in the lease.
The real issue in this ease was initiated by our previous writ disposition wherein we declared that intervenors were indispensable parties because their ownership rights were affected by Guichard’s attempt to enforce its lien rights against the funds held by Texaco. Guichard’s judgment against Alpine is valid. The issue is whether that judgment can now be used to enforce lien rights against the ownership interests of parties who did not have the opportunity to defend the suit. Resolution of that issue is as follows.
In pertinent part, R.S. 9:4861 provides:
“Any person who performs any labor or service in drilling or in connection with the drilling of any well or wells in search of oil, gas or water ... has a privilege on all oil or gas produced from the well or wells, and the proceeds thereof inuring to the working interest therein, and on the oil, gas or water well or wells and the lease whereon the same are located, and on [various movable equipment and machinery] attached or located on the lease....”
[J added.
The Act creates a lien and privilege in favor of certain persons over certain property. It is an in rem right. The Act does not create any personal obligations or rights.[6] See, Genina Marine Services, Inc. v. Arco Oil & Gas Co., 552 So.2d 1005 (La.App. 1st Cir. 1989), writ denied, 556 So.2d 1281 (La.1990).
When an in rem right is enforced, fundamental due process requires that the owner of the “rem” be afforded notice and the opportunity of a hearing. See Comment, Fuentes v. Shevin: Its Treatment by Louisiana Courts and Effect upon Louisiana Law, 47 TuLL.Rev. 806 (1973). No statute which permits deprivation of property without satisfying minimal due process standards can withstand constitutional muster. Simply put, no person shall be deprived of his property without due process of law. Thus, implicit in the Act is the requirement that when a claimant seeks to enforce his privilege he must afford the owner of that which is seized the opportunity of a hearing.[7]
In attempting to enforce its lien, Guichard instituted legal proceedings against only Alpine. The default rendered in Plaquemines Parish granted a money judgment against Alpine. That money judgment was consistent with Alpine’s contractual relationship with Guichard. In addition, the default judgment recognized Guiehard’s lien on the property described in its lien affidavit. That recognition was based on the Act. However, since Alpine was the only party defendant, Guichard’s security interest could only be recognized as encumbering Alpine’s ownership interests (whatever they may be) in the property encumbered. Thus when Guichard filed the instant suit seeking to enforce the judgment obtained against Alpine by garnishing funds held by Texaco, only that portion of the funds owned by Alpine could be subjected to the garnishment. When this court declared, in writ No. 91-C-0008, that intervenors were indispens *1316 able parties, we, in effect, recognized that their ownership interests in the funds held by Texaco could not be seized without affording them the opportunity of a hearing. Thus, because they were not parties defendant in the Plaquemines suit, the judgment rendered by that court could not affect then-ownership interests in any of the property subject to Guiehard’s lien. And, it follows that Guichard’s attempted enforcement of that judgment in these proceedings cannot affect those rights. Therefore, the trial court erred in granting summary judgment in favor of Guichard on its reconventional demand. Intervenors should have been afforded the opportunity to defend Guichard’s claim. However, that is rendered moot by our conclusion.

ASSIGNMENT OF ERROR TWO

Intervenors argue that Guichard’s claim for recognition of its lien is perempted because more than one year elapsed between the filing of the notice of lien and the filing of its reconventional demand. R.S. 9:4865, as amended in 1986, provides that the privilege created by R.S. 9:4861 is extinguished if the claimant fails to preserve it within the time required in R.S. 9:4862 or if the claimant fails to institute an action on the privilege within one year after the date of recordation.[8]
Initially, we conclude that R.S. 9:4865 is a statute of peremption. Civil Code Article 3458 defines peremption “as a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished....” The difference between prescription and peremption is that prescription is a time limit to enforce a right, whereas peremption is the time limit for the existence of a right. The peremptive period cannot be interrupted, suspended or renounced. LSA-C.C. art. 3461. R.S. 9:4865 specifically states that the “privilege granted under this Part (Oil Well Lien Act) shall be extinguished....” The legislative intent cannot be clearer. The privilege created by the act ceases to exist if the claimant fails to timely record or timely institute an action to enforce the privilege.
In an attempt to satisfy this court's previous ruling, Guichard answered the intervention and reconvened, once again asserting its lien and praying that it be recognized against the lease owned by intervenors. This demand, however, was filed two and one-half years after the recordation of Guieh-ard’s lien. Guichard argues, however, that because Alpine had a 12.5% working interest in Wilbert No. 2 it had an ownership interest in the lease, and thus peremption cannot be urged by the intervenors. Intervenors argue that there never was an assignment of any interests to Alpine and thus Alpine had no ownership interest in the lease when Guich-ard filed suit.
For purposes of our decision, we assume, without deciding, that Alpine did have an ownership interest when Guichard filed suit. However, because R.S. 9:4865 is peremptive, we conclude that Guichard’s suit has no effect on intervenors or their interests in the Wilbert lease since they were not parties to Guichard’s suit. Guichard’s lien rights as to those parties have been extinguished. To hold otherwise would be tantamount to saying that the suit against Alpine interrupted peremption. This would be contrary to the legal distinction between prescription and peremption. Peremption cannot be interrupted, and once the peremptive period lapses the right ceases to exist. Guichard’s lien rights, as it affects intervenors’ ownership interests, has extinguished.

ASSIGNMENT OF ERROR THREE

This assignment is moot. Lapse of the peremptive period extinguishes Guichard’s lien rights against Transamerican.
*1317 DECREE
Accordingly, the trial court judgment recognizing Guichard’s lien against any property or leasehold rights of Toce, Crossroads or Transameriean is hereby reversed, and Guichard’s suit to enforce its lien rights against those parties is dismissed because of peremption. We also reverse the dismissal of intervenor’s claim for damages, reinstate the preliminary injunction, and remand, for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. Although the well Guichard drilled is described as the Wilbert No. 2, the lien affidavit describes the Wilbert lease and the "Transamerican Energy and Toce Oil Company Wilbert Co. Lake Mon-goulois Unit Well No. 1. This well is a producer and is referred to as the Wilbert No. 1.

. The record contains receipts for certified mail indicating that Transamerican and Toce received correspondence from Guichard's attorney shortly after the suit was filed.

. Writ No. 91-C-0008 decided October 1, 1991.

. Writ No. 91-C-1I05 decided June 25, 1992.

. Guichard apparently had changed its name to Bayou Drilling Company.

. Compare the Private Works Act whereby the laborer or materialman, in addition to a lien, is granted a personal right of action against the owner even though there is no contractual or other legal relationship between them. LSA-R.S. 9:4802.

. R.S. 9:4866 provides that a claimant may enforce his lien by writ of sequestration. Code of Civil Procedure Article 3510 requires that a final judgment be obtained before property seized by a writ of sequestration can be sold. Thus, the necessity of a final judgment satisfies the due process requirements of notice and an opportunity to be heard.

. The 1986 amendment settled the issues addressed by the Louisiana Supreme Court in Louisiana Materials Co., Inc. v. Atlantic Richfield Co., 493 So.2d 1141 (La.1986). Interpreting the pre-1986 version of R.S. 9:4865, the court held that the time periods of R.S. 9:4862 for recording a lien were not prescriptive periods, but were only for ranking purposes. The 1986 legislation makes it clear that failure to record within the applicable time period extinguishes the lien. See, P. Martin, Mineral Rights, 48 La.L.Rev. 387 (1987).