bEDWARDS, Judge.
The issue in this appeal is whether the trial court erred in recognizing a lien and privilege under the Louisiana Oil, Gas, and Water Well Lien Act in favor of the plaintiff, Supreme Contractors, Inc. and against the defendant, Halliburton Logging Services, Inc.
Background Facts
The facts in this matter are essentially undisputed. On January 31, 1989, Supreme Contractors submitted an invoice in the amount of $7,587.17 to WTL Energy, Inc. for oilfield services provided on the W.A. Jones No. 5 well in the Cut Off Field in Lafourche Parish. Supreme Contractors recorded a notice of lien and privilege against the Jones well for the amount of its invoice on July 25, 1989. Subsequently, WTL Energy submitted a payment in the amount of $750.00 to Supreme Contractors.
On February 1, 1990, WTL Energy transferred certain leases, (which included the land on which the well at issue is situated) related wells and equipment to Sea Hawk Oil and Gas Company and Alpine Energy, Inc. These assignments were recorded in the public records of Lafourche Parish on April 12, 1990.
On July 11, 1990, Supreme Contractors filed suit against WTL Energy in the 17th JDC to recover the unpaid balance of $6,837.17 and to enforce its lien and privilege against the Jones well. (Neither Sea Hawk nor Alpine was named as a party to this action.) On July 18,1990, Supreme Contractors filed a “Notice of Pendency of Action” in the public records of Lafourche Parish.
On September 22, 1990, the defendant in the present action, Halliburton, performed production evaluation services on the Jones well at the request of Sea Hawk. The work performed by Halliburton was accomplished in one day, and was performed using machinery and equipment brought to and from the worksite by Halliburton.
On December 7, 1990, Supreme Contractors obtained a default judgment against WTL in the sum of $6,837.17 together with interest, attorney’s fees and costs. On September 20, 1991, Supreme Contractors, relying on its judgment against WTL, filed an action against Halliburton for a writ of sequestration, seeking ^recognition of its lien and privilege against the machinery and equipment used by Halliburton on the well site in the performance of services on September 22, 1990. Supreme Contractors asserted that its lien and privilege against WTL Energy attached to Halliburton’s property when it arrived on the well site. Supreme Contractors further alleged that it was entitled to enforce the lien by writ of sequestration when Halliburton removed its machinery and equipment from the site without the consent of Supreme Contractors.
The trial court granted summary judgment in favor of Supreme Contractors, recognizing its lien and privilege and issued a writ of sequestration to seize and sell Halliburton’s machinery and equipment. Halliburton has appealed. Petroleum Equipment Suppliers Association (PESA) has been granted leave to participate in this appeal as amicus curiae. *463 Both Halliburton and PESA contend that the trial court erred in its application of the Louisiana Oil, Gas and Water Well Lien Act (LSA-R.S. 9:4861^867) by recognizing a lien which is not conferred by the statute. They further contend that the result reached by such application violated Halliburton’s due process rights in that it allowed the sequestration of Halliburton’s property without adequate notice and an opportunity to be heard. Finally, Halliburton further asserts that even if Supreme Contractors had lien rights against it, such rights were extinguished by the passing of the one year preemptive period provided by LSA-R.S. 9:4865. Because we find merit in and agree with Halliburton’s last assertion, we pretermit consideration of the other issues raised and reverse the judgment of the trial court.
Applicable Law
LSA-R.S. 9:4861 creates a lien and privilege in favor of anyone who performs any labor or service or furnishes supplies in connection with any oil, gas or water well. The statute provides, in pertinent part:
A. Any person who performs any labor or service in drilling or in connection with the drilling of any well or wells in search of oil, gas or water ... has a privilege on all oil or gas produced from the well Lor wells, and the proceeds thereof inuring to the working interest therein, and on the oil, gas or water well or wells and the lease whereon the same are located, and on all drilling rigs, standard rigs, machinery, pipelines ... and other structures thereto attached or located on the lease....
The lien creates only an in rem liability; it does not create any personal obligations or rights and is not dependant on the owner of the liened property. Genina Marine Services, Inc. v. Arco Oil & Gas Co., 552 So.2d 1005, 1008 (La.App. 1st Cir.1989), writ denied, 556 So.2d 1281 (1990).
Halliburton claims that Supreme Contractor’s claim for recognition of its lien against the equipment owned by Halliburton is per-empted pursuant to R.S. 9:4865. We agree. That section provides, in pertinent part, that the privilege created by 9:4861 shall be extinguished if the claimant or holder of the privilege does not institute an action thereon within one year after the date of recordation of notice of the privilege.
Supreme Contractors recorded a notice of lien and privilege against the well on July 25, 1989. Within one year, on July 11, 1990, it instituted an action against WTL Energy. We note that, at that time, record owners of the pertinent lease, pursuant to assignments by WTL Energy, were Sea Hawk and Alpine, neither of which was named as a defendant in the action. Even if Supreme Contractors had named the record owners, it could not rely on its timely action against them to preserve its untimely claim against Halliburton’s property. To hold otherwise would be tantamount to saying that the suit against WTL Energy interrupted peremption. This would be contrary to the legal distinction between prescription and peremption. Peremption cannot be interrupted, and once the peremptive period lapses the right ceases to exist. Guichard Drilling Company v. Alpine Energy Services, Inc., 93-1859 (La.App. 4th Cir. 4-14-94); 635 So.2d 1312, 1316, writ granted, 94-1275 (La. 8-23-94); 642 So.2d 1303. It was not until September 20, 1991, more than two years after the recordation of its lien, that Supreme Contractors filed an action against Halliburton, seeking recognition of its lien against Halliburton’s property. At that time, any lien rights Supreme Contractors may have had against | gHalliburton’s property were extinguished pursuant to LSA-R.S. 9:4865.
Therefore, pretermitting the other issues raised in this appeal, we reverse the summary judgment granted by the trial court, and hereby dismiss Supreme Contractor’s action to have its lien rights recognized against Halliburton. Such claim, if one exists, has been preempted. Costs of this appeal are assessed to Supreme Contractors.
REVERSED AND RENDERED.